## SCHEUER v. MULLER et al.

(Circuit Court of Appeals, Second Circuit. March 17, 1896.)

1. TRADE-MARKS—UNFAIR COMPETITION—IMITATION OF LABELS—PRELIMINARY INJUNCTION.

A preliminary injunction will be granted when the court is satisfied from the affidavits and exhibits that defendant's labels were devised with intent to delude the purchasing consumer into the belief that he is buying complainant's goods, and where such label is in fact well calculated to effect that purpose.

2. SAME—INFERENCE FROM CIRCUMSTANCES.

The fact that defendants, who formerly used a label not imitative of complainant's, adopted a new one much resembling his, shortly after a former infringer of complainant's trade-mark came into their employ, is most suggestive of an intentional imitation.

3. SAME—MISLEADING STATEMENTS.

A statement on a label, which is complained of as being an imitation of the labels used by complainant in connection with a preparation of chicory made by him in Germany, that the contents of defendant's package is "Chicorien Kaffee aus der Fabrik von E. B. Muller & Co., in Roulers (Belgien)," is misleading and unfair, when the only thing done in Belgium is to "harvest" the chicory root; the roasting, grinding, and further manufacturing being done in this country.

4. SAME—DEFENSES.

The fact that a firm to which a foreign manufacturer consigns his product for sale in this country itself puts up a similar American preparation, with labels somewhat similar, though not enough so to deceive, is not sufficient to deprive the foreign maker of his right to enjoin the sale by third parties of an American preparation dressed up to imitate his own.

Appeal from an order of the circuit court of the United States for the Southern district of New York, made and entered December 11, 1895, granting complainant's motion for a preliminary injunction to restrain defendants from using, in connection with the sale of chicory not selected, manufactured, packed, or shipped by or for the complainant, labels or wrappers like the label designated "defendants' label," or any imitation of the label designated "complainant's label." The following are fac-similes of complainant's and defendants' labels (printed in red and yellow):

v.74F.no.1—15

Complainant's Label.

*Printed in red ink.

The above label was printed on yellow paper. The shaded portions (▨▨) represent a red background. The name "Georg Jos. Scheuer" across the middle was in yellow letters on a black background. The signature at the bottom and the lettering on the side were in black, except where otherwise noted.

Defendants' Label.

*Printed in red ink.

The above label was printed on yellow paper. The shaded portions (▨) represent a red background. The name "E. B. Müller & Co." across the middle was in yellow letters on a black background. The lettering at the bottom and the lettering on the side were in black, except where otherwise noted.

The opinion of LACOMBE, Circuit Judge, in the circuit court, upon the motion for preliminary injunction, was as follows:

A careful examination of the affidavits and of the exhibits has satisfied me that the form of label used by defendants, and annexed to the complaint, was devised with intent to delude the purchasing consumer into the belief that he was buying complainant's preparation of chicory, and that it is well calculated to effect its purpose. The circumstance that it was adopted only after a former infringer of complainant's trade-mark came into defendants' employ is most suggestive, and so is the fact that defendants before that were using a form of label which was not imitative of complainant's. The alteration was made intentionally, and it is not difficult to infer its object.

It is conceded that the statement on defendants' label that they have registered their trade-mark is false. The further statement that the contents of defendants' package is "Chicorien Kaffee aus der Fabrik von E. B. Muller & Co., in Roulers (Belgien)," is misleading and unfair, for defendants admit that the only thing done in Belgium is to "harvest" the chicory root, the roasting, grinding, and further manufacturing of the raw material being done here. Very many labels of American origin similar to complainant's have been put in evidence, and the explanation of this wide-spread imitation of packages is found in the affidavits. Changes in the tariff have made it possible for American manufacturers to import the raw material (chicory root), and make it into the well-known coffee substitute in this country. The infant industry thus established, however, so far as the record in this case shows, seems to have scrupulously avoided indicating to the consumer the origin of its products. On the contrary, with more or less variance, so as to have plenty of arguable differences to refer to when brought into court, most of the American manufacturers represented by the exhibits in this case have manifestly endeavored to so dress up their goods that the purchasing consumer, usually himself a foreigner, may be deluded into buying the domestic product as foreign made. Some of the exhibits which were presented on the argument, but not left in court, show how easy it is to put up the chicory in a new, convenient, and distinctive form; but, as defendants' counsel stated on the argument, such packages were withdrawn, because unsaleable, evidently for the reason that, presenting no indication of foreign origin, and offering themselves only on their own merits, the purchasing public passed them by. Therefore, with entire disregard of any possible public right to fair trading, these domestic manufacturers have proceeded to dress up their goods as foreign made. Among the exhibit packages resembling complainant's is one of foreign origin, viz. Robert Brandt's, of Magdeburg; but there is no proof carrying back this style of package to a time anterior to the adoption and introduction of complainant's. The firm to whom complainant consigns his goods puts up an American preparation of foreign chicory with labels somewhat resembling complainant's, but it would not be enough like it to deceive. That circumstance, however, is not sufficient to deprive complainant of his right to enjoin the sale of goods dressed up to imitate his own. The motion is granted. In view of the stipulation, however, if defendants wish to appeal, and will take and prosecute the same promptly, the operation of the injunction may be stayed pending appeal.

An order having been entered upon the opinion of the circuit court, an appeal was taken to this court.

David Leventritt, for appellants, cited authorities as follows:

McLean v. Fleming, 96 U. S. 245; Manufacturing Co. v. Rouss, 40 Fed. 585; Philadelphia Novelty Manuf'g Co. v. Blakesley Novelty Co., 37 Fed. 305; Tobacco Co. v. Finzer, 128 U. S. 182, 9 Sup. Ct. 60; Mumm v. Kirk, 40 Fed. 589; Gail v. Wackerbarth, 28 Fed. 286; Coats v. Thread Co., 36 Fed. 324; Manufacturing Co. v. Beeshore, 8 C. C. A. 215, 59 Fed. 572; Enoch Morgan's Sons Co. v. Troxell, 89 N. Y. 292; Popham v. Cole, 66 N. Y. 69; Brown v. Doscher, 147 N. Y. 647, 42 N. E. 268; Partridge v. Menck, 2 Sandf. Ch. 622; Manufacturing Co. v. Garner, 2 Abb. Prac. 318; Putnam Nail Co. v. Ausable Horsenail Co.,

8 C. C. A. 362, 59 Fed. 909; Fleischmann v. Starkey, 25 Fed. 127; Filley v. Child, 16 Blatchf. 376, Fed. Cas. No. 4,787; Goodyear's India Rubber Glove Manuf'g Co. v. Goodyear Rubber Co.. 128 U. S. 598, 9 Sup. Ct. 166; Browne, Trade-Marks, §§ 269–272; Fairbanks v. Jacobus, 14 Blatchf. 337, Fed. Cas. No. 4,608; Moorman v. Hoge, 2 Sawy. 78, Fed. Cas. No. 9,783; Adams v. Heisel, 31 Fed. 279; Davis v. Davis, 27 Fed. 490.

Rowland Cox and B. Lewinson, for appellee, cited authorities as follows:

Manufacturing Co. v. Trainer, 101 U. S. 63; Taendsticksfabriks Aktiebolaget Vulcan v. Myers (Sup.) 11 N. Y. Supp. 663; Fischer v. Blank, 138 N. Y. 251, 33 N. E. 1040; Franks v. Weaver, 10 Beav. 297; Manufacturing Co. v. Spear, 2 Sandf. 599; Colman v. Crump, 70 N. Y. 573; Lawrence Manuf'g Co. v. Tennessee Manuf'g Co., 138 U. S. 537, 11 Sup. Ct. 396; Rothstein v. Zechnowitz, Beekman, J., 14 N. Y. Law J. 998; Hennessy v. White, 4 Vict. Law R. Eq. 125; Cox, Manual Trade-Mark Cas. p. 378; Hostetter v. Adams, 10 Fed. 838; Le Page Co. v. Russia Cement Co., 2 C. C. A. 555, 51 Fed. 943; Chemical Co. v. Meyer, 139 U. S. 544, 11 Sup. Ct. 625; Manufacturing Co. v. Read, 47 Fed. 716; Coats v. Thread Co., 149 U. S. 566, 13 Sup. Ct. 966; Von Mumm v. Frash, 56 Fed. 837; Reddaway v. Hemp-Spinning Co. [1892] 2 Q. B. 640; Association v. Piza, 24 Fed. 149; Gilman v. Hunnewell, 122 Mass. 139; Manufacturing Co. v. Simpson, 54 Conn. 545, 9 Atl. 395; Singer Co. v. Loog, 8 App. Cas. 18; Celluloid Manuf'g Co. v. Cellonite Manuf'g Co., 32 Fed. 97; R. W. Rogers Co. v. Wm. Rogers Manuf'g Co., 17 C. C. A. 576, 70 Fed. 1017; Pillsbury v. Mills Co., 12 C. C. A. 432, 64 Fed. 841; Read v. Richardson, 45 Law T. (N. S.) 54; Brown v. Mercer, 37 N. Y. Super. Ct. 265; Ewing v. Johnston, 14 Ch. Div. 434; Lever v. Goodwin, 36 Ch. Div. 1; De Long v. De Long Hook & Eye Co., 89 Hun, 402, 35 N. Y. Supp. 509.

The case, having been argued before WALLACE and SHIPMAN, Circuit Judges, was taken under advisement, and a decision announced affirming the order of the court below, as follows:

PER CURIAM. Order of circuit court affirmed, on opinion of circuit judge.