## CONSOLIDATED FASTENER CO. v. COLUMBIAN FASTENER CO.

(Circuit Court, N. D. New York. April 23, 1896.)

No. 6,386.

1. FEDERAL COURTS—TERRITORIAL JURISDICTION IN PATENT CASES.

A New York corporation, whose certificate provides that its principal business office is to be in the city of New York, but with a further provision that the location of its business is to be in "the city of New York, and county of New York and state of New York, and such other places as the company may hereafter select," may be sued in the circuit court for the Northern district of New York, for an infringement there committed, where it has publicly advertised that its place of business was at a certain town in that district, which announcement was in accordance with the fact.

2. SAME—NEW YORK DISTRICTS.

Under Rev. St. U. S. § 657, providing that the original jurisdiction of the circuit courts of the Southern district of New York shall not be construed to extend to causes of action arising in the Northern district of that state, it is doubtful whether a corporation can be sued in the Southern district for an infringement of a patent committed in the Northern district, although its charter provides that its principal office is to be in New York City.

3. PATENT-INFRINGEMENT SUITS—PRELIMINARY INJUNCTION.

Where there have been no adjudications sustaining the patent, if the court can see that there is a fair controversy on the two vital questions of patentability and infringement, the wiser course is to postpone their consideration until the final hearing, even though the preponderance of proof may be in favor of complainant.

4. SAME—IMPROVEMENT IN BUTTONS.

A preliminary injunction upon patent No. 405,179, for an improvement in buttons, denied, but a bond required of defendant in place thereof.

This was a suit in equity by the Consolidated Fastener Company against the Columbian Fastener Company for alleged infringement of a patent for improvement in buttons. Complainant has moved for a preliminary injunction.

John R. Bennett, W. B. H. Dowse, and Fred G. Fincke, for complainant.

William A. Jenner, for defendant.

COXE, District Judge. The complainant is the owner of letters patent, No. 405,179, granted to P. A. Raymond, June 11, 1889, for an improvement in buttons. The complainant now moves for an injunction restraining the defendant from infringing the first and third claims of the patent upon the ground that the validity of the patent has been established by long acquiescence and that the defendant clearly infringes. The defendant opposes the motion on the following grounds: First. The court has no jurisdiction. Second. The patent is void for want of patentable novelty. Third. The defendant does not infringe.

The alleged want of jurisdiction is based upon the proposition that the defendant can only be sued in the Southern district of New York for the reason that the certificate of incorporation states that "the location of its principal business office is to be in the city of New York, in the county of New York, and state of New York." It is argued that the case is thus brought within the doctrine of Railway Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401. The court is of the opinion that the action is maintainable in this district. The certificate provides further, "The location of the business is to be in the city of New York, and county of New York and state of New York, and such other places as the company may hereafter select." Pursuant to this option the company selected Gloversville in this district as its place of business and repeatedly and in the most public manner announced to the business world that its place of habitation was Gloversville. The fact seems to accord with this announcement. A part of the business of the defendant is done in this district notwithstanding the fact that it has an office in the city of New York. It should not be permitted after thus giving its address as Gloversville to segregate one clause of its charter from the rest and put a construction thereon wholly inconsistent with its public declarations and with the actual facts. It must not be forgotten that this is an action for the infringement of a patent, where the jurisdiction of the federal courts is exclusive and depends upon the subject-matter and not upon the parties or the amount involved. The acts constituting the alleged infringement all took place in this district, and under section 657, Rev. St. U. S., it is, at least, doubtful whether the action could, in any circumstances, be maintained in the Southern district. That section provides that "the original jurisdiction of the circuit court for the Southern district of New York shall not be construed to extend to causes of action arising within the Northern district of said state." Wheeler v. McCormick, 8 Blatchf. 267, Fed. Cas. No. 17,498. See, also, upon the general subject of the jurisdiction of the circuit courts in patent causes, In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221; In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273; Button Works v. Wade, 72 Fed. 298.

The specification says:

"I have found that the eyelet above mentioned necessitated a hole in the fabric of considerable size, and that an unnecessarily large number of pieces were essential to the construction of the spring-stud set forth in the said patents. To avoid these objections I have devised the construction set forth in the following specification, in which construction the dome forms a fundamental supporting part so rigid as to admit of an eyelet being riveted over against it and affording a seat for the external spring by which the stud is made to engage with the embracing button or socket. Instead of employing the eyelet with its upper flange held in the clamping-ring, I make use of an eyelet having a smaller shank and a larger flange, which is inserted from beneath the fabric, and, extending up into the dome-piece above described, is met by a depending lug in the top of the said dome-piece, against which it is forced, and its upper edge thereby riveted over, so that it cannot be withdrawn, the spring-cap being thus held firmly in position upon the fabric."

The first and third claims are involved. They are as follows:

"(1) The combination, with an embracing-button attached to one part of a fabric, of a spring-stud attached to the opposite part and adapted to engage the said button, the stud being composed of a depressed dome or support forming an annular riveting-surface and an exterior engaging spring, and being fastened to the fabric by an eyelet adapted to enter the back of the dome or support and be riveted over by contact with said depression."

"(3) A spring-stud for engagement with a receiving button or socket, consisting of a depressed dome or support forming an annular riveting-surface and an exterior engaging spring, combined with a fastening-eyelet, the eyelet being adapted to enter from behind and be riveted over by contact with the said depression, and the dome having a flange extending beyond the spring, by which it is held while the eyelet is forced into position."

The subject-matter of these claims is a spring stud designed to be used as one member of a snap fastener. The stud in actual use is so small, and its internal construction, which is the subject of controversy, is so minute, that its details can hardly be seen or appreciated even by the use of a powerful glass. At the argument it was suggested that the work of the court would be simplified if enlarged models of the complainant's and defendant's structures were submitted. If this suggestion had been complied with it is possible that the briefs received since the argument, aggregating 152 pages, might have been somewhat condensed. After a careful examination I have reached the conclusion that the complainant's right to recover is not so free from doubt as to warrant the court in issuing an unconditional writ. An extended discussion of the subjects of invention and infringement should be postponed until the hearing for the reason that the controversy may then present a different aspect. These questions should not be decided upon ex parte affidavits. Suffice it to say that the patent has never been adjudicated or the claims construed. The art, speaking generally, is old and crowded. The claims relate to improvements which necessarily are most minute and are not asserted to be fundamental. The defendant's device though similar in appearance and operating, apparently, upon the same principle, has introduced some minor departures which may or may not be important according to the construction placed upon the claims in view of the file and of the prior art. The cases are very rare where the court determines these questions upon a motion for an injunction, especially where, as here, there is a very wide and radical difference of opinion between the experts which has developed into an extended and animated discussion. If the court can see that there is a fair controversy upon the two vital questions, patentability and infringement, the wiser course is to postpone their consideration until the final hearing. And this is true even though the preponderance of proof may be in favor of the complainant. On the other hand there are many considerations surrounding this controversy which appeal strongly to a court of equity to grant the relief prayed for. The patent has been in existence seven years, the acquiescence by the public has been continuous and complete, including the defendant, or, to be more accurate, those who are behind the defendant and responsible for its actions. The manner in which defendant's present business was commenced, in connection with the employment of complainant's salesmen at an increased salary, is certainly not calculated to prepossess the court in the defendant's

favor. On the whole case I am convinced that for the present, at least, substantial justice will be best accomplished by requiring the defendant to give a bond in the usual form and providing for an injunction in case of its failure to file the same. Should it appear that the defendant is using the knowledge derived from the complainant's recent salesmen to entice away complainant's customers and injure its business an application may be made for further preliminary relief.