SPRAGUE ELECTRIC RAILWAY & MOTOR CO. v. UNION RY. CO. et al.

(Circuit Court, S. D. New York. January 24, 1898.)

PATENTS—NOVELTY AND INVENTION—INFRINGEMENT—ELECTRIC MOTORS.

The Sprague patent, No. 324,892, for an electric railway motor, consisting of a field magnet, journaled, at one end, on the axle of the driving wheels, and hung, at the other, on a spring from the truck or car body, and carrying the armature shaft upon its pole pieces parallel with the shaft of the driving wheels, and connected to them by gearing, *held* valid as to claims 2, 6, and 9; and said claims *held* infringed by structures differing in some respects from those of the patent, and containing improvements thereon, but having all these parts working together in the same relation, for the same purpose, and producing the same result.

This was a suit in equity by the Sprague Electric Railway & Motor Company against the Union Railway Company and others for alleged infringement of a patent.

Frederic H. Betts, for plaintiff.

Charles E. Mitchell and Henry B. Brownell, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 324,892, dated August 25, 1885, and granted to Frank J. Sprague, for an electric railway motor consisting of a field magnet, journaled on the axle of the driving wheels at one end, and hung upon a spring from the truck or the car body, at the other, and carrying the armature

shaft upon its pole pieces parallel with the shaft of the driving wheels, and connected to them by gearing. The specification as to this arrangement says:

"The armature being carried rigidly by the field magnet, these two parts must always maintain precisely the same relative position under every vertical or lateral movement of the wheels or of the car body; and, as the field magnet which carries the armature is itself centered by the axle of the wheels to which the armature shaft is geared, the engaging gears, also, must always maintain precisely the same relative position. At the same time the connection of the entire motor with the truck is through springs, so that its position is not affected by the movements of the truck on its springs."

The claims in question are:

"(2) The combination of a wheeled vehicle and an electro-dynamic motor, mounted upon and propelling the same, the field magnet of said motor being sleeved upon an axle of the vehicle at one end, and supported by flexible connections from the body of the vehicle at the other end, substantially as set forth."

"(6) The combination, with a wheeled vehicle, supported upon its axles by springs, of an electro-dynamic motor flexibly supported from such vehicle, and centered upon the driving axle thereof, substantially as set forth."

"(9) The combination, with a wheeled vehicle, of an electro-dynamic motor centered upon the driving axle thereof at one end, a spring support for that end of the motor from the truck or body of vehicle, and relieving axle wholly or partly of dead weight, and a spring support for the other end of motor from the truck or body of vehicle, substantially as set forth."

This patent was before the circuit court of appeals for the Eighth circuit in Adams Electric Ry. Co. v. Lindell Ry. Co., 23 C. C. A. 223, 77 Fed. 432, which was brought upon patent No. 300,827, dated June 24, 1884, and granted to A. Wellington Adams for improvements in electric motors, against structures made according to this patent as infringements. The position of Sprague's invention with reference to prior structures, inventions, and patents is there well and comprehensively set forth by Judge Sanborn in the opinion of the court; and the decree dismissing the bill appears to have been affirmed because, in short, Sprague's invention was independent of Adams'. And if Sprague's patent was for merely hanging and centering one end of a motor of a carriage upon the axle of the driving wheels, and suspending the other by a spring from the body of the vehicle or the truck, it would be shown from that case to be wholly lacking in novelty, and void. He was not a pioneer here, and could have a valid patent for only what was new in his method of making the power of the electrical current turn the driving wheels. No one had before, however, hung a field magnet at one end upon the axle of the driving wheels, and at the other upon a spring from the body of the car or the truck, and an armature axle upon the pole pieces of the magnet, parallel with, and geared to, the axle of the driving wheels, for driving a car by a current of electricity. This combination simplified greatly the required structures, improved their results, and came into immediate use. The invention of it seems to well support these claims of the patent. The defendants' structures differ in some respects from those of the patent, but have all these parts working together in the same relation to each other, for the same purpose, and producing the same result. They are altered by the addition of a joint in the motor, and of another

spring to help carry it, but not by dispensing with any of the parts; they are improved upon, but not departed from. The defendants' improvements are not made independent of, and clear from, Sprague's, but upon his; and his patent appears to be infringed by this taking of his invention to so improve upon.