SPRAGUE ELECTRIC RAILWAY & MOTOR CO. v. NASSAU ELECTRIC R. CO.

(Circuit Court of Appeals, Second Circuit. May 25, 1899.)

No. 156.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where the question of infringement is a doubtful one, and to sustain the claim requires a broader construction of the claims of the patent than has been given in prior adjudications, such question should not be determined on a motion for preliminary injunction.

Appeals from the Circuit Court of the United States for the Eastern District of New York.

Frederic H. Betts, for complainant.
William H. Kenyon, for defendant.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. This is an appeal from an order granting a preliminary injunction restraining the defendant from infringing claims 2 and 6 of letters patent No. 324,892, granted August 25, 1885, to Frank J. Sprague, for an improved electric railway motor, and refusing an injunction restraining the infringement of claim 4 of said letters patent. The defendant has appealed from that part of the order granting the injunction, and the complainant has appealed from that part of it refusing one. The appeal presents the question whether the electric railway motor of the defendant, as modified in construction since the decision of this court in the case of Sprague Electric Railway & Motor Co. v. Union Ry. Co., 84 Fed. 641, is an infringement of either of the three claims. When the patent was considered previously by this court, we were of the opinion that it did not embody a primary invention, or one of a broad character, and we referred to the case of Adams Electric Ry. Co. v. Lindell Ry. Co., 40 U. S. App. 482, 23 C. C. A. 223, and 77 Fed. 432, as containing a statement of the prior state of the art. The opinion is a part of the moving papers for present purposes. The prior patent to Finney discloses the principal features of Sprague's

invention, and what Sprague has described and claimed in the present patents are improvements in details of construction and arrangement. One of his improvements consists in introducing a flexible connection between the motor and the car body, or the truck frame, at the end opposite the driving axle. In the motor of the Finney patent that end rests upon the crossbar of a frame which is supported by the axles of the vehicle. It is rigidly connected with the crossbar, and the crossbar is bolted to the frame. In the present patent that end of the motor is "hung from a crosspiece, F, on the truck, by heavy springs, b, b, or from the car body itself in the case of a street car or other vehicle having no truck." Another improvement described in the patent consists in introducing supporting springs at the axle end of the motor. "These springs extend to crossbars on truck frame, or to the car body in case no truck is used. Their tension is adjusted by nuts, t, which are locked by other nuts, u. This adjustment may be such as to carry wholly or partially the weight of this end of the motor, or so as to actually exert a pressure upon the lower side of the driving axle." The improvements described are apparently contrived to hold the motor in elastic restraint. The specification states that "the connection of the entire motor with the truck is through springs, so that its position is not affected by the movements of the truck upon its springs." Unless the defendant's motor is "supported by flexible connections from the body of the vehicle" at the end opposite the driving axle, it does not infringe the second claim; and, unless it is "flexibly supported from such vehicle," it does not infringe the sixth claim. The defendant's motor is supported at the end opposite the driving axle by a crossbar fastened to the frame at each end by a bolt passing through a wooden block, a lock washer, and a nut. The frame is the frame of the Finney patent. The springs interposed between the crossbar and the frame, which were a feature of its former motor, have been removed. The theory for the complainant is that in operation the blocks forming the connection become loose, and when loose allow a sufficient movement of the motor at that end to constitute practically a flexible connection.

Two questions must be determined in favor of the complainant to support the theory of infringement. Can the claims be construed to cover a flexible connection or support for the motor not elastic? Are the bolt connections in the defendant's motor flexible in any sense of the term? The first question has not been touched by any of the previous adjudications upon the patent. The second question involves the proposition that "flexibility" and "looseness" are equivalent mechanical terms. The normal condition of the connection in the defendant's motor is inflexible. When it has worked loose, it may, perhaps, with propriety be said to be a yielding connection. We are not satisfied, however, from the affidavits contained in the record, that it is not in practical use, as it is originally, a mechanically rigid one. The questions thus suggested are too doubtful to be resolved upon a motion for a preliminary injunction, and should be reserved until the final hearing of the cause. The fourth claim of the patent has never been adjudicated, and the court

below properly refused to determine its validity and scope upon the motion. The part of the order denying an injunction is affirmed; the part granting an injunction is reversed, with costs.