### DRAPER v. SKERRETT et al.

(Circuit Court, E. D. Pennsylvania. June 27, 1899.)

UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

Although the rule is well settled that a preliminary injunction against alleged unfair competition will only be awarded where the right is plain, and the wrong beyond reasonable doubt, when it clearly appears, from the proofs and by comparison, that the packages in which defendants inclose and sell their goods are a misleading simulation of those of plaintiff, and intentionally so, an injunction against their use will be granted.

This is a suit in equity to enjoin alleged unfair competition in trade. On motion for preliminary injunction.

Edward Brooks, Jr., for complainant.
John W. Jennings, for respondents.

DALLAS, Circuit Judge. This is an application for a preliminary injunction. It has been so frequently said by this court, and by the court of appeals for this circuit, that such an injunction should be awarded only where the right is plain and the wrong beyond reasonable doubt, that this matter, at least, must now be regarded as settled. The present bill prays for an injunction more comprehensive than, upon the proofs as now made, and at this stage, the plaintiff is entitled to; but I am entirely satisfied that the envelope in which the defendants inclose and sell their goods is a misleading simulation of that of the plaintiff. To this extent an examination of the respective envelopes, in connection with the affidavits submitted, is thoroughly convincing. The only substantial difference between them is in the coloring; and this, in view of the undisputed fact that the color now used by the defendants is that which, at their request, they had been permitted to use when acting under agreement with

the plaintiff, is immaterial. The variation in details which is pointed out in the affidavit of one of the defendants is, when so pointed out, entirely obvious, but that an ordinary purchaser would be likely to mistake the one for the other seems to me to be evident. Moreover, no attempt has been made to satisfactorily account for the general resemblance of the two envelopes, which, notwithstanding minor differences, unquestionably exists; and, in the absence of intent to imitate the plaintiff's envelope, the striking similarity to it of that of the defendants would be quite inexplicable. Besides, the affidavit of John G. Sachs, from which it appears that the defendants in fact sent the affiant a package of the tissue in question, inclosed in one of their own envelopes, although he had asked for tissue of the plaintiff, has not been controverted, and is very persuasive as to the defendants' actual motive and design. In my opinion, a preliminary injunction to restrain the defendants from using the particular envelope complained of in the bill, or any other envelope made in imitation of that of the plaintiff, but to this extent only, ought now to be awarded, and it is so ordered.