WESTERN ELECTRIC CO. v. ANTHRACITE TEL. CO. et al.

(Circuit Court, W. D. Pennsylvania. February 12, 1900.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction against alleged infringement of a patent may properly be denied where the defenses are prior use and noninfringement, both of which issues are left in serious doubt by the showing, and cannot be satisfactorily determined upon affidavits, notwithstanding the validity of the patent has been sustained on final hearing and on appeal in a prior suit, in which the only defenses were lack of novelty and patentability, infringement in case the patent was valid being conceded, so that no construction was given to the claims of the patent; and especially where there is doubt whether, at the time such suit was tried, it was in fact an adversary proceeding.

2. SAME—IMPROVEMENTS IN TELEPHONE APPARATUS.

A preliminary injunction against the alleged infringement of the Carty patent, No. 449,106, for improvements in telephone circuits and apparatus, denied.

Suit in Equity for Infringement of a Patent. On motion for preliminary injunction.

Geo. P. Barton and Frederick P. Fish, for complainant.

R. S. Taylor, Arthur Steuart, and Charles C. Bulkley, for defendants.

ACHESON, Circuit Judge. This suit is upon the Carty patent, No. 449,106, for improvements in telephone circuits and apparatus. Infringement of the first, fourth, fourteenth, and fifteenth claims is alleged. The defendant company is the mere user of telephonic apparatus purchased in good faith in the market from responsible manufacturers. The case is before the court upon a motion for a preliminary injunction, and has been heard upon numerous ex parte affidavits on one side and the other. After much reflection, it is my conviction that a preliminary injunction should be denied here, notwithstanding this court sustained the patent in the case of Western Electric Co. v. Millheim Electric Tel. Co., 88 Fed. 505, upon final hearing, and the decree therein was affirmed by the United States circuit court of appeals in Millheim Electric Tel. Co. v. Western Electric Co., 37 C. C. A. 38, 95 Fed. 152. Upon the face of the Millheim Case there are peculiar features. In the circuit court, Judge Buffington, in his opinion, said: "The defenses are lack of novelty and patentability. These defenses failing, infringement is conceded." Under this confession of infringement it became unnecessary for the circuit court to construe the patent, and, although it has no less than 15 claims, no intimation of opinion on that subject was given. Nor was there an adjudication with respect to any particular claim. The decree as to infringement was in general terms, and evidently was based upon the defendant's concession. Judge Buffington's opinion shows, too, that the defenses of lack of novelty and patentability were rested altogether on certain prior patents and publications. In the court of appeals, Judge Kirkpatrick, in delivering the opinion of the court, said:

"Infringement is charged in the bill, and not denied, except in the unverified answer. Complainant's witness, after examination of the defendants' system, testified that it was constructed and organized completely in accordance with the instructions contained in the patent in suit. Though these facts were peculiarly within their own knowledge, the defendants offered no contradictory evidence bearing on the question."

The court of appeals had no occasion to construe the patent, or any of its claims, and did not do so. The opinion of the court, however, contains this significant passage:

"So far as the record shows, there was no anticipation of this device. All the elements of the combination had been used before, and the functions of each were well known in the art, but it does not appear that they had ever been similarly combined for effectuating the purpose here accomplished."

In the present case it is shown that the defendant the Anthracite Telephone Company does not use the specific apparatus described in the Carty patent. The plaintiff's principal electrical expert admits deviations, but expresses the opinion that they are of no practical importance. The defendants' electrical experts, however, express quite a contrary opinion, and their views that the differences are radical are supported by citations from the testimony of Carty

himself in the Millheim Case, and otherwise. The question of infringement involved in this case is altogether new, and, in my judgment, it is a serious one. The solution depends upon the construction to be given to the Carty patent, and that construction involves an investigation of the prior art. I am, then, of opinion that the court, acting upon mere ex parte affidavits, should not undertake to decide the question at this preliminary stage of the case. The considerations which led to a denial of a preliminary injunction in the case of Union Switch & Signal Co. v. Philadelphia & R. R. Co. (C. C.) 75 Fed. 1004, are, in the main, present here. In support of the refusal to enjoin preliminarily may be cited the rulings in Carey v. Miller (C. C.) 34 Fed. 393, and Sprague Electric Railway & Motor Co. v. Nassau Electric R. Co., 37 C. C. A. 286, 95 Fed. 821. In the latter case it was held by the circuit court of appeals of the Second circuit that, where the question of infringement is a doubtful one, and the plaintiff's contention requires a broader construction of the claims of the patent than they received in prior adjudications, such question should not be determined on a motion for a preliminary injunction, but should be reserved until final hearing of the cause. That this is the proper course here, seems clear to me.

But then again, the defense of prior actual public use at Crown Point and Merrillville, Ind., and on the Wilmington Coal Company's line in Chicago, is here set up, and is supported by affidavits of three witnesses, whose statements are positive and circumstantial, and, if true, seem to make out the defense. These statements are corroborated by the affidavits of other witnesses, and also by alleged contemporaneous writings. On the other hand, the plaintiff produces counter affidavits tending to discredit the defendants' witnesses as to the alleged prior use. Upon these conflicting affidavits it would scarcely be safe for the court to undertake to determine what the truth of the matter is. Enough, however, here appears to justify a refusal of a preliminary injunction unless the adjudication in the Millheim Case is to be considered as conclusive against the defense of prior use at this preliminary stage of the case. But the proofs before the court disclose circumstances connected with that adjudication, which, I think, ought to deprive it of such effect. It appears that the American Bell Telephone Company was and is the owner of more than one-half of the capital stock of the Western Electric Company, the plaintiff in the Millheim Case and in this suit, and that by virtue of such controlling ownership, and also by reason of contract relations between these companies, said two companies were and are jointly interested in this litigation on the Carty patent, their common interest being to sustain the patent. Now, it further appears that, pending the suit in the Millheim Case, the local representative of said Bell Telephone Company, acting in the interest of that company, and for it, bought out the Millheim Electric Telephone Company and all its property. The negotiations for this purpose began in January, 1898. The terms of sale were settled on February 10th, and the transaction was consummated by transfer and delivery of possession in March, 1898, when the alleged infringing apparatus was taken out of the Millheim lines, and re-

placed by other apparatus. It seems to me from the evidence that a real controversy between the Western Electric Company and the Millheim Electric Telephone Company no longer existed when the Millheim Case was heard in the circuit court on February 17, 1898. Certainly, there was no such dispute when that court made its decision on July 18, 1898. It may, I think, be affirmed confidently that, if the learned judge who sat in the circuit court had known the facts, he would not have heard or decided the Millheim Case, and that the court of appeals would have dismissed the appeal had the facts been brought to its notice. Lord v. Veasie, 8 How. 251, 12 L. Ed. 1067; Cleveland v. Chamberlain, 1 Black, 419, 17 L. Ed. 93; East Tennessee, V. & G. R. Co. v. Southern Tel. Co., 125 U. S. 695, 8 Sup. Ct. 1391, 31 L. Ed. 853.

It is proper for me to add that the court disclaims any intention to reflect in any wise upon the counsel who conducted or argued the Millheim Case. Undoubtedly, the counsel were uninformed that the suit had ceased to be an adversary proceeding. The motion for a preliminary injunction is denied.