CONSOLIDATED RUBBER-TIRE CO. et al. v. FINLEY RUBBER-TIRE CO. et al.

FINLEY RUBBER-TIRE CO. et al. v. CONSOLIDATED RUBBER-TIRE CO. et al.

(Circuit Court, N. D. Georgia. January 8, 1901.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where the questions involved in a suit for infringement are difficult and doubtful, and the rights of complainant can be protected by requiring the defendant to give a bond for the payment of any damages that may be recovered, the court will not grant a preliminary injunction if such a bond is given, but will leave such questions to be determined after a full hearing.

In Equity. Suit for infringement of patent. On motion for preliminary injunction.

Paul A. Staley, Hoke Smith, and H. C. Peeples, for complainants.
H. A. Toulman and D. S. Craig, for defendants.

NEWMAN, District Judge. The original bill was filed on the 16th day of April, 1900, by the Consolidated Rubber-Tire Company and others against the Finley Rubber-Tire Company and others, seeking to enjoin the defendants from the manufacture and sale of a certain rubber tire for vehicles described in the bill. On July 30, 1900, the Finley Rubber-Tire Company and others filed a cross bill against the Consolidated Rubber-Tire Company and others, seeking to enjoin the Consolidated Rubber-Tire Company, the Munford Rubber-Tire Company, and the Rubber-Tire Wheel Company from prosecuting suits for infringement against customers of the Finley Rubber-Tire Company in the various states and districts in which its customers were doing business. On the 14th day of August, 1900, the Honorable David D. Shelby, circuit judge, granted a temporary restraining order on the cross bill, as prayed therein. The case has now been heard on a motion for preliminary injunction by complainants. on the bill and answer, the cross bill and answer thereto, and a voluminous amount of evidence, consisting of affidavits and documents. There is a further motion to dissolve the temporary restraining order granted by Judge Shelby on the cross bill.

The contentions of the complainants in this case are: (1) That the complainant the Rubber-Tire Wheel Company is the owner of

a valid patent, No. 554,675, for an improvement in rubber-tired wheels, issued February 18, 1896, to Arthur W. Grant, and by him transferred to said complainant. That the Consolidated Rubber-Tire Company manufactures the Grant tire under a contract with the Rubber-Tire Wheel Company, and the Munford Rubber-Tire Company is a licensee of said Rubber-Tire Wheel Company. It is not claimed that any single feature of this patent is new, each feature having been used at some time in the prior art, but it is claimed that the novelty of said patent consists in the peculiar combination of its various parts, which combination is new, and gives a result not before attained. (2) That the rubber tire called the "Wing Tire," manufactured by the Finley Rubber-Tire Company, embodies every essential feature of the Grant patent, and has no new feature which renders it in any wise different from the Grant tire. That it is claimed to be manufactured under patent No. 623,703, issued to Jos. A. Burrows, but that in construction it is a radical departure from the Burrows patent, and is in effect an exact copy of the Grant patent with the addition of certain so-called "wings," the alleged object of which is to prevent dirt from getting under the tire; that in the tire as manufactured by defendant, said wing is the merest strip of rubber attached to the main body of the tire at a point opposite to the widest portion of the tire, and performs no function whatever, but quickly wears off with ordinary use, leaving the tire identical in shape with the Grant tire. (3) That Sam E. Finley, being the sole defendant in this case, as claimed by his answer therein, has admitted the validity of the Grant patent in various letters written by him while operating under a contract between himself and complainant, the Rubber-Tire Wheel Company, and, further, that he is estopped from denying the validity of the Grant patent by reason of his having, for a valuable consideration, transferred his interest in said contract to one of complainants; said contract, by its terms, acknowledging the validity of said patent. (4) That the Grant patent has been recognized by the general trade and the public as a valuable invention, which supplanted all others in use prior to its introduction, and that its validity has also been recognized by a large number of manufacturers who were interested in proving its invalidity. (5) That the validity of this patent was decided by Judge Thomas of the Eastern district of New York in the case of Rubber-Tire Wheel Co. v. Columbia Pneumatic Wagon Wheel Co. (C. C.) 91 Fed. 978, and that, while said decision is not binding upon this court, it is strongly persuasive.

The contentions of the defendants in the original, and complainants in the cross, bill are: (1) That there is no novelty in the Grant patent, each and every feature of said patent having been used in the prior art, and that it is not such a new combination of old features as will render it a patentable device, but is a mere aggregation of old and well-known features. (2) That the Wing tire, manufactured under the Burrows patent, is not an infringement on the Grant patent, even though the latter be a valid patent, but is a different tire, having new features not embodied in the Grant tire, and is also of a different form. (3) That Finley is not estopped

from denying the validity of the Grant patent—First, because he is not operating under the Grant patent; second, because his license contract was terminated by the consent of his licensor, the Rubber-Tire Wheel Company; and, third, because of the novation of Finley's old license by the introduction of a new party in the original contract. (4) That complainants' claim that the Grant patent has been recognized by the general trade and public as a valuable invention, and its validity admitted by a large number of manufacturers, is without foundation. (5) That the decision of Judge Thomas should not be considered by this court, because the parties to that case had settled their differences before the argument or decision therein.

These are the relative contentions of the parties, which are, of course, very much amplified and elaborated in the evidence and in argument. A large part of the evidence, by affidavits and otherwise, is in relation to the prior state of the art as affecting the patent obtained by Grant in 1896, and offered on the issue as to whether that which was claimed for the Grant tire was novel and patentable. The contention for the defendants in reference to this patent, as stated, is that it is a mere assemblage or aggregation of parts or features, which had long been known and used, and that there was no such combination produced as would properly be the subject of a patent right. A considerable portion of the evidence was offered to show that the Grant patent has been generally recognized throughout the United States and very largely used by manufacturers of vehicles with rubber tires. The complainants vigorously attack the patent under which the Finley Rubber-Tire Company is manufacturing tires, and under which it claims, as being an effort, through the use of a mere useless appendage, the wings, to differentiate that tire from the Grant tire; contending that there is no novelty or usefulness whatever about these wings. They also contend that the claim made by defendants that it protects the channel from dust and dirt, and that it acts as a cushion to prevent the tire from cutting, is without merit.

These and other contentions of the parties involve sharp differences on difficult and doubtful questions. Each side has offered the evidence, by extended affidavit, of an expert. Both of these experts are evidently men of ability, learning, and experience in patent matters, and they differ materially and radically as to the merits of the patents upon which the contending companies rely.

In a case like this, it is not best, unless absolutely necessary, that the rights of the parties should be settled on a hearing for preliminary injunction. This hearing was largely on ex parte affidavits, and it is manifestly better that the determination of the rights under the different patents involved should be postponed until the final hearing, and on evidence taken by examination and cross-examination of witnesses. Such has been the general ruling of the courts. See MacBeth Co. v. Lippencott Glass Co. (C. C.) 54 Fed. 167; Sprague Electric Ry. & Motor Co. v. Nassau Electric R. Co., 37 C. C. A. 286, 95 Fed. 821; Sessions v. Gould (C. C.) 49 Fed. 855; Consolidated Fastener Co. v. Columbian Fastener Co. (C. C.) 73 Fed.

106 F.—12

828; Bowers Dredging Co. v. New York Dredging Co. (C. C.) 77 Fed. 980; Eastern Paper-Bag Co. v. Nixon (C. C.) 35 Fed. 752; National Folding-Box & Paper Co. v. Brown & Bailey Co. (C. C.) 96 Fed. 437.

The important and interesting question of estoppel against Finley, by reason of his sale or transfer to Munford of his contract with the Rubber-Tire Wheel Company, may also be left for determination after the final hearing, in view of the direction I shall now give the case.

My opinion, upon all the facts presented, is that the defendant the Finley Rubber-Tire Company should give a bond in the sum of $10,000 to indemnify the complainants against any damage which they may sustain in the event they should finally obtain a decree in the case. The Finley Rubber-Tire Company will also be required to keep an account of all rubber tires hereafter manufactured and sold by it, and file the same in the clerk's office in this case, for use should the same be necessary on a final decree. If the defendant fails to give the bond above required within 10 days, the complainants may move for a preliminary injunction on account of such default.

The order granted by Judge Shelby on the cross bill restraining the complainants as to suits against the defendants' agents and customers will be continued in force. It is better that these suits should be stayed until a final decision in this case. That will settle the rights of the parties, and such settlement can be obtained at an early date, if the parties will speed the cause.