WESTERN ELECTRIC CO. v. KEYSTONE TEL. CO. et al.

(Circuit Court, E. D. Pennsylvania.   May 6, 1902.)

No. 20.

1. PATENTS—PRELIMINARY INJUNCTION AGAINST INFRINGEMENT — EFFECT OF PRIOR DECISION.

   While the decision of one federal court sustaining the validity of a patent after a contest will be accepted by another such court, in interlocutory proceedings, as conclusive upon the issues determined, and the effect of the proofs on which it was based, other issues and added proofs must, of necessity, be considered by the court to which they are submitted in the subsequent case, where the parties are not the same; and a preliminary injunction will not be granted where, giving such effect to a prior decision, the proofs leave the court in doubt either as to the validity of the complainant's patent, or as to its infringement by defendant.

2. SAME—SWITCH BOARDS.

   A preliminary injunction against infringement of the Seely patent, No. 330,067, for an improvement in grouping spring jacks and annunciators for multiple switch boards denied.

In Equity.   Suit for infringement of letters patent No. 330,067, issued to John A. Seely November 10, 1885, for telephone switch boards.   On application for preliminary injunction.

Frank P. Prichard, George P. Barton, and Edward Rector, for complainant.

Henry M. Paul, Jr., and Joseph C. Fraley, for respondents.

DALLAS, Circuit Judge.   "A preliminary injunction should never be awarded where the right is doubtful or the wrong uncertain," and therefore will not be granted in a patent case where the proofs leave the court in doubt either as to the validity of the complainant's patent, or as to its infringement by the defendant.   Undoubtedly, this rule is modified by the equally well settled one that a patent which has, after contest, been sustained by a United States court, is exempt from further attack on the same ground, and by the same evidence, upon interlocutory proceedings subsequently had in any other of those courts. But if the parties are not identical, and the question presented or the evidence adduced be substantially and materially different in the two cases, it manifestly results that the conclusion reached in the one cannot be controlling in the other.   Blakey v. Manufacturing Co., 37 C. C. A. 27, 95 Fed. 136.   The prior adjudication must be regarded as determinative of the issue it decided, and of the effect of the proofs upon which it was based; but other issues and added proofs must, of necessity, be considered by the court to which in any subsequent case they are submitted.   Western Electric Co. v. Anthracite Tel. Co. (C. C.) 100 Fed. 301; Welsbach Light Co. v. Cosmopolitan Incandescent Gaslight Co. (C. C.) 100 Fed. 648; Société v. Allen (C. C.) 84 Fed. 812, affirmed in 33 C. C. A. 282, 90 Fed. 815; Thomson-Houston Electric Co. v. Exeter, H. & A. St. R. Co. (C. C.) 110 Fed. 986.

The propositions which have been stated are fatal to the present motion.   The decision of the circuit court of the United States in

Missouri, and of the court of appeals for the Eighth circuit, in Kinloch Tel. Co. v. Western Electric Co., 113 Fed. 659, cannot be accepted as determining the validity of the patent in question for this court, for two reasons: First, because the construction of the patent upon which it was held to be valid in that case is not the same as that which the complainant invokes in this one; and, second, because relevant and important evidence has been here introduced which was not there exhibited. This additional evidence has had my attentive consideration, but I do not deem it desirable to discuss it at this stage of the cause. It is, of course, possible that upon final hearing the complainant may appear to be entitled to the relief which it seeks, but at present it is enough to say that the proofs now submitted have not convinced me that the interlocutory order which it asks ought to be made. Blakey v. Manufacturing Co., supra.

The complainant's motion for a preliminary injunction is denied.