## NATIONAL BISCUIT CO. v. SWICK.

(Circuit Court, W. D. New York. March 17, 1903.)

### No. 134.

1. TRADE-MARKS—INFRINGEMENT.

A technical trade-mark, although not a fac simile of another, may be so used by a rival manufacturer as to imitate another's trade-mark, and, when such use actually deceives the public, it constitutes an infringement, against which a court of equity will grant relief.

2. SAME.

Complainant used and registered a trade-mark consisting of a square label or seal of a vivid red color, with the corners clipped, on which was an arbitrary combination of straight and curved lines in white, in which were printed the letters and word "In-er-seal." These labels were placed on the ends of complainant's cartons containing bakery products. Another manufacturer of the same class of goods registered as a trade-mark, and used in the same manner on its cartons, a label the same in size, shape, and color, having thereon a combination of white lines consisting of circles and straight lines with the words "Factory" and "Seal" printed thereon. The figure or symbol was not the same, but the general effect of the combination in a label used in the same place on a carton of the same size, shape, and color, together with a similar figure and the word "Seal," was to simulate the trade-mark of complainant, and to deceive purchasers. Held, that such use of defendant's trade-mark was an infringement of that of complainant, which entitled it to an injunction.

In Equity. Suit for infringement of trade-mark. On final hearing.

Moot, Sprague, Brownell & Marcy, Offield, Towle & Linthicum, and Earl D. Babst (Charles K. Offield, of counsel), for complainant.

Banning & Banning and Benjamin C. Starr, for defendant.

HAZEL, District Judge. The bill, as originally filed, charges the defendant with unlawful infringement of a trade-mark and five trade-names used by complainant upon its various bakery products. A stipulation was filed before answer, admitting infringement by defendant as to five of the trade-names. Accordingly a decree was entered

by consent of all parties restraining and enjoining the future use of such trade-names by the defendant. The alleged infringement by the defendant of complainant's "In-er-seal" registered trade-mark No. 35,108, dated September 18, 1900, is now the sole and specific subject for judicial determination.

COMPLAINANT'S TRADE-MARK.

The vivid red background is designated by the black background.

DEFENDANT'S TRADE-MARK.

The vivid red background is designated by the black background.

The defendant's infringement consists in the use of the registered trade-mark No. 35,597, dated December 18, 1900, issued to the Ohio Baking Company.

The proofs show that complainant manufactures various kinds of bakery products, which it places upon the market in special and distinct sizes of cartons or packages. Such cartons and packages widely vary in form and coloring, and are lettered on their sides in different-size type. Upon the ends of each package or carton is applied the trade-mark printed upon a square label or seal, clipped at the corners, in clear white lines upon a vivid red background. The proofs further show that the trade-mark seal has since its adoption regularly been applied to the ends of the cartons in the manner described, except in a few instances. Complainant contends that its product has become well known to the general public because of the peculiarly quaint configuration of its trade-mark, which is uniquely displayed. The bill charges the adoption of the trade-mark on or about the month of March, 1899, and its subsequent registration in the office of the Commissioner of Patents May 12, 1900. It is specifically described as—

"An arbitrarily-selected design or symbol representing an oval-shaped figure separated centrally and horizontally in the direction of its greatest length by a bar, from which there rises centrally and at right angles thereto a perpendicular bar, which near its upper end is intersected by double horizontal cross-bars, thus forming what might be designated as a "double-T-shaped" figure or cross-tree, while with said oval-shaped section and above the horizontal dividing-bar and to the left of the perpendicular intersecting bar appear the letters 'I N,' and on the opposite side of said perpendicular intersecting bar appear the letters 'E R,' the lower section of said oval-shaped figure having therein the word 'Seal.' "

The specification describes and the drawings show the design as applied upon a rectangular background, the corners thereof being clipped or irregular. The specification states a preference for the employment of a bright red or orange-colored background in connection with the trade-mark design with the figures and lines printed in white. The specification further says that the purpose and object of the peculiarity of the design is to produce a conspicuous effect, securing the greatest possible prominence. The design is usually printed on the labels attached to the ends of the cartons or packages containing complainant's product. This arbitrary and fanciful designation was first appropriated by complainant as a trade-mark for its bakery product, and it is, therefore, entitled to protection from infringement. It quite clearly appears from the evidence that complainant's trade-mark has been extensively advertised at large expense throughout the United States and in the locality where the defendant carries on his business of selling bakery products, and where the alleged infringing trade-mark is asserted to have been fraudulently used. The defendant is a dismissed employé of complainant. He was well acquainted with complainant's customers in the territory where the alleged infringements were committed. Soon after his dismissal from complainant's employ, he commenced to divert the trade of complainant by introducing the bakery product of a competitive manufacturer, and finally simulated complainant's trade-mark, as a result of which his sales increased. Defendant's bakery product is manufactured by the Ohio Baking Company, and is put upon the market wrapped up in carton form, sealed at the ends, and having a vivid red rectangular label at each end, clipped at the corners. Upon the seals or square labels is

imprinted in distinctive white lines the registered trade-mark of the Ohio Baking Company, above set forth. The labels upon which is printed the infringing device as to color, size, and irregular shape are in similitude of complainant's labels or seals. The configuration of the infringing trade-mark consisting of curved and straight lines, flaring at the ends in resemblance of complainant's lines, is more particularly described in the specification as consisting of three parallel vertical bars and central cross-bar and two circles arranged in the manner shown by the figure itself. Defendant claims that the Ohio Company trade-mark really consists of a fanciful monogram of the word "Ohio," and that he has the right to use it in any size, shape, and color. Prominently appearing in defendant's label are the words "Factory" at the upper end and "Seal" at the lower end. This also would appear to be in simulation of the word "In-er-seal" printed on complainant's device. The packages or cartons of both complainant and defendant have printed matter upon their sides, indicating the character of their contents and the name of the manufacturer. The form of the package and style of type and color of wrapper are concededly the property of the public, as, indeed, are the labels clipped at the corners having a bright red background. No point is made to any similitude of cartons, style, or color of print, nor even of the separate features of complainant's trade-mark. The defendant contended generally on argument that the specifically defined trade-mark of complainant as to its general features and characteristics must be interpreted as limiting its scope to that which is actually described. If this contention means that complainant is restricted to the use of the trade-mark, and has obtained no exclusive right in the collocation of its parts and the distinguishing features by which the trade-mark has become known to the public, such contention is without merit. The gist of the complaint is a violation of a trade-mark, which is composed of a peculiar configuration of lines and a combination of other features. In other words, the distinguishing characteristics of the trade-mark consist in the circles and straight lines in relation to each other, and printed upon the label in white and upon a vivid red background. In the case of Lalance & Grosjean Mfg. Co. v. National Enameling & Stamping Co. (C. C.) 109 Fed. 317—a case of unfair competition— it was held that no one can have a trade-mark monopoly of any color of paper, or any shape of label, or any color of ink, or any one or other detail, yet the general collocation of such details will be protected. The sole question, therefore, is whether the defendant's design for a trade-mark imprinted on a vivid red background in simulation of complainant's design is fairly within complainant's asserted exclusive scope. That complainant's trade-mark and manner of displaying the same attracts the public attention cannot be successfully disputed. Undoubtedly, complainant's manufactured product has become extensively known to the public solely by its peculiar trade-mark. I have no doubt that an intending purchaser of complainant's product using ordinary care is attracted to the arbitrary trade-mark design, and not to any printed words on the sides of the packages, or even to the nomenclature of the manufacturer of the product. When both designs were exhibited on the hearing, I became well satisfied that de-

fendant's device and manner of applying it in combination with the other features are in imitation of complainant's. Such resemblance tends to deceive an ordinary purchaser giving the usual attention, and causes him to purchase the one believing it to be the other. Although defendant's device and configuration is not in strict resemblance to complainant's, yet force is given to the impression which I obtained on the hearing because of the adoption by defendant of a bright red background and a label clipped at the corners of corresponding size to that of complainant. The record discloses that the trade-mark seal of the defendant and the manner of displaying it upon the ends of cartons and packages is likely to deceive the ordinary purchaser into the belief that he was purchasing the product of complainant. By the testimony of defendant's witness Gaiser, a grocer, it appears that an intending purchaser must make a close examination of both packages in order to distinguish defendant's packages and cartons from complainant's. The witness was unable at the hearing, when both packages were exhibited to him, to discover much difference, and was compelled to look for the name of the manufacturer to distinguish the product of complainant from that of defendant. Other evidence was given by complainant upon the hearing showing the similitude of the, respective trade-marks to be such as to deceive the public into buying the bakery product of defendant under the impression that they are buying those of complainant. Irrespective, however, of such proof, the trade-mark imprinted upon a bright red-colored label, clipped at the corners, and of corresponding size to complainant's is alone calculated to deceive, and must be regarded as an infringement of complainant's rights secured by its registered trade-mark. Specific proof of purchases by individuals actually deceived under such circumstances appears not to be necessary. Cleveland Stone Co. v. Wallace (C. C.) 52 Fed. 431; National Biscuit Co. v. Baker (C. C.) 95 Fed. 135; Von Mumm v. Frash (C. C.) 56 Fed. 830. In the controversy it is immaterial that the size of cartons, color of wrapper, size and kind of label, and separate features of complainant's trade-mark are old, and may, therefore, be used by any one. The complainant's trade-mark, its features of coloring, rectangular labels, white lines on a vivid background, manner of displaying the arbitrary designation at the ends of the packages, all in combination, are peculiarly distinguishing marks for its goods. I am well satisfied that a technical trade-mark, although not a fac simile of another, may, nevertheless, be so used by a rival manufacturer as to imitate another's trade-mark, and when such use actually deceives the public a court of equity will afford relief. Scheuer v. Muller, 20 C. C. A. 161, 74 Fed. 225; Draper v. Skerrett (C. C.) 94 Fed. 912. I have examined the case of Richter v. Anchor Remedy Co. (C. C.) 52 Fed. 455, and other cases cited by counsel, but such cases are either not in point or do not disturb the conclusion reached. By the manner of defendant's use of the Ohio Baking Company's trade-mark he obtains a benefit to which he is not entitled. He appropriates the good will of a rival business by purloining his rival's method of dressing his vendible goods. City of Carlsbad v. Schultz (C. C.) 78 Fed. 471; Sprague Elec. Ry. & Motor Co. v. Nassau Elec. Ry. Co., 37 C. C. A. 286, 95 Fed. 821. As Judge Wanty said when

the case against the Ohio Baking Company was before him on application for preliminary injunction, "Why does the defendant use the exact shade of red used by complainant?" Further inquiry is pertinent. Why white letters of substantially the same type? Why labels of uniform size, and with clipped corners? Other questions of like kind may be propounded. The record discloses no satisfactory answer, and therefore it is manifest that the defendant deliberately and fraudulently imitates the trade-mark of complainant, and in that manner designs to palm off his goods for those of complainant.

The complainant may have a decree, with costs, enjoining the defendant from imitating or simulating complainant's "In-er-seal" trademark, as set out in this opinion. So ordered.