INTERNATIONAL SILVER CO. v. RODGERS BROS. CUTLERY.CO. et al.

(Circuit Court, W. D. Michigan, S. D. February 17, 1905.)

1. TRADE-MARKS—UNLAWFUL COMPETITION—TRADE-NAMES.

Complainant's predecessors having created a large business in the manufacture and sale of tableware under the trade-names "Rogers Bros.," "Rogers Cutlery Co.," and other names in which the word "Rogers" or "Rogers Bros." appeared, defendants organized a corporation for "buying, selling and dealing in cutlery and tableware at wholesale and retail," in which two of the original incorporators were named "Rodgers," and immediately placed on the market knives manufactured by an independent corporation, stamped, "RoDgers Bros. Cutlery Co." At this time neither the corporation nor the individuals composing it had any skill in manufacturing tableware, and no established business therein, and, had they eliminated the word "RoDgers" from their trade-mark, there would have been nothing to recommend their goods, other than the excellence of the product. *Held*, that defendants' use of such name was prima facie fraudulent, entitling complainant to a preliminary injunction.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Miller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME.

The names "Rogers" and "RoDgers" being idem sonans, the mere capitalization of the "d" for the purpose of calling attention to the distinction between the names was insufficient to prevent confusion and deception of the public as to the manufacture of the goods.

In Equity. Opinion on application for preliminary injunction.

Bartlett, Brownell & Mitchell, for complainant.
Clarence A. Goldsborough, in pro. per.
Stephen H. Clink, for other defendants.

WANTY, District Judge. This is a suit brought by the complainant, the successor of several companies which have for many years carried on an extensive business in manufacturing tableware, spoons, forks, and knives, under the trade-names of "Rogers Bros.," "Rogers Cutlery Co.," and other trade-names in which the word "Rogers" or "Rogers Bros." has appeared, until the goods manufactured by the complainant have come to be known as "Rogers goods" and "Rogers Bros. goods." The defendant corporation was originally composed of Lincoln Rodgers, John Rodgers, and Clarence A. Goldsborough, and was formed for the purpose of "buying, selling and dealing in cutlery and tableware at wholesale and retail." It has placed upon the market knives manufactured by the Muskegon Cutlery Company, on which is stamped:

"RoDgers Bros. Cutlery Co.
"1751—Cronstedt—1751
"Muskegon, Mich."

The complainant asks that the defendant be enjoined from making, marking or selling, or in any manner disposing of any spoons, forks or knives, or other table ware stamped with the mark "RoDgers Bros. Cutlery Co.," or any other mark or marks on which the word "Rogers" or "Rogers Bros." (spelled with or without the "d") are a characteristic part, and from using any such mark upon

or in connection with such goods, or on the boxes, wrappings, or labels containing or designating the same, and also from using the corporate name "Rodgers Bros. Cutlery Co." in the manufacture, procurement, or selling of tableware.

The authorities which have been cited by counsel for complainant and defendant are very numerous, but are all to the effect that no man has a right to sell his goods as and for the goods of another, and thereby work a fraud upon both the public and his rival in trade, nor has he the right to willfully place it in the power of another to do so. The difficulty has been in applying this rule to the various facts appearing in the different cases. The authorities are gathered in the notes to Scheuer v. Muller, 74 Fed. 225, 20 C. C. A. 165, and Lare v. Harper Bros., 86 Fed. 481, 30 C. C. A. 376, and in the Rogers' Cases, where this trade-name and trade-mark have been a fruitful source of litigation. In the case of Royal Baking Powder Company v. Royal (C. C. A.) 122 Fed. 337, we find a review of the cases, and the principles upon which the judgment in this case must go, and it is not necessary to repeat the reasoning there so well set out by Judge Lurton.

In the case at bar neither the corporation defendant, nor the individuals composing it, have any skill in the manufacturing of cutlery or tableware, and no established business therein. If they had taken any other name for the corporation, or had left out the word "Rodgers" from their trade-mark, there would have been nothing to recommend the goods they sell, except the excellence of the product, which in time might give any trade-mark they chose to put upon their goods a value in the trade. They, however, chose a trade-mark which already had a value, and the property in which was in the complainant, for the word "Rogers," connected with cutlery and tableware, has come to have a secondary significance which is entitled to protection. The defendant does not manufacture the product it sells, and if the Muskegon Cutlery Company, which does manufacture it, should use the name "Rodgers" on any of its goods, the reason for such use would be so apparent that it could scarcely be argued that the complainant had not the right to have such use enjoined. I can see very little difference in the stamping and selling of these same goods by the defendant. They are not selling "Rodgers goods," nor their own, but they are selling the Muskegon Cutlery Company's goods, masquerading under the trade-name which indicates they are manufactured by the Rodgers Bros. Cutlery Company. It cannot be supposed that the corporation defendant, in stamping the name "Rodgers Bros. Cutlery Co." on its goods, could have any other purpose than inducing the public to believe that the product made for it by the Muskegon Cutlery Company is "Rogers goods." This is apparent when it is understood that neither it, nor any stockholder in it, has had any design of making the goods so stamped, but stamped the goods of another manufacturer for the purpose of selling them, not as the goods of the corporation that made them, but as the goods of the Rodgers Bros. Cutlery Company. This must have been done to have the

goods appear to be "Rogers goods," and "Rogers goods" are known to the consumer to be those of the complainant, not those of the Muskegon Cutlery Company or the defendant. The wholesalers, jobbers, and retailers would probably not be deceived by this trademark; but the ultimate purchaser, the housewife, and other customers of the retailer who want and call for "Rogers goods," can be furnished with the goods manufactured by the Muskegon Cutlery Company, and stamped for and sold by the defendants with this stamp, as readily as they can with articles manufactured by the complainant, bearing the "Rogers" trade-marks. This is not the case of a man using his surname in a business open to him, and the numerous cases upholding such a right do not apply, but the controversy here is ruled by the principles laid down in such cases as Garrett v. T. H. Garrett & Co., 78 Fed. 472, 24 C. C. A. 173, where corporations have many times been enjoined from the use of a name taken from that of its stockholder or officer. The fact of a manufacturing corporation taking a name which has already become descriptive of the origin of the goods to be sold may of itself be sufficient evidence of an intent to mislead. But here the very purpose of adopting the name used by this corporation for a trademark was to sell the product of a manufacturing company as the goods of another.

It is claimed that the stamp is put on the goods by the defendant because the word "Rodgers" means honest dealing and superior workmanship in Michigan, Wisconsin, and Minnesota, where sawmill machinery which has for many years been made by the members of the family of Rodgers in Muskegon has gone. What influence the reputation as manufacturers of sawmill machinery could have in the cutlery and tableware trade is not apparent. It would require some inquiry to find that the Rodgers Bros. Cutlery Company has for a stockholder any of the sawmill manufacturers, and further inquiry to ascertain that such stockholder controls the business of the corporation, even if any one in the cutlery and tableware trade ever heard the name of any manufacturer of a sawmill at Muskegon. The name "Rogers" in the tableware and cutlery trade could scarcely be thought to point to the manufacturers of sawmills, but the defendant knew it did point to the "Rogers goods," so called, and showed their appreciation of the fact by capitalizing the "d" in the name as stamped on the knives put out by it. This was probably done to show a distinction between the names, from which it might be inferred that there was no design to appropriate the good will belonging to the complainant; but the names are idem sonans, and this change would not prevent the confusion which is certain to exist where the goods of complainant and defendant come into competition.

Counsel for the defendant urged on the hearing and in his brief the cases of The Knights of Pythias, 113 Mich. 133, 71 N. W. 470, 38 L. R. A. 658, Royal Baking Powder Co. v. Royal, 58 C. C. A. 499, 122 Fed. 337, International Silver Co. v. Simeon L. and George Rogers (C. C.) 110 Fed. 955, and International Silver Co. v. Wm. H. Rogers

Corporation (N. J. Ch.) 57 Atl. 1037, as holding that defendants could not be enjoined under the circumstances of this case. I have examined those cases carefully, but find nothing in them in conflict with the conclusion here reached.

A preliminary restraining order against the defendant corporation may be entered upon the filing of a bond by the complainant, in the sum of $5,000, to pay what damages the defendant corporation may suffer by reason of such order if it be hereafter held that the order should not have been made.