(15 Misc. Rep. 300.)

## DADIRRIAN v. THEODORIAN.

(Supreme Court, Special Term, Kings County. July, 1895.)

TRADE-MARKS—DESCRIPTIVE WORDS IN FOREIGN LANGUAGE.

> The word "Matzoon." though in the Armenian language a descriptive term meaning "fermented milk," will be protected as a trade-mark of one who has used it for many years as the designation of his preparation of fermented milk.

Action by Markar G. Dadirrian against Z. K. Theodorian to enjoin the infringement of plaintiff's trade-mark by defendant. Judgment for plaintiff.

Betts, Hyde & Betts, for plaintiff.

Foster L. Backus, for defendant.

BARTLETT, J. The equities of this case are plainly with the plaintiff. The evidence leaves no doubt in my mind that the defendant's desire to use the word "Matzoon" on his goods is due to the trade meaning which that word has acquired through the efforts of the plaintiff, and not at all to the descriptive character of the term. Indeed, until the plaintiff's use of it, it had no de-

---

scriptive character which anybody in this country could comprehend except the few hundreds of persons here who were acquainted with the Armenian language. To every one else it was a fanciful or arbitrary designation, without any meaning of its own. The plaintiff, by attaching it to his preparation of fermented milk, has, after many years of labor, given it a signification which is now well understood by the trade and the public, and the defendant, by marking his compound in the same way, seeks to avail himself of the benefit of the plaintiff's industry. The resemblance between his labels and those of the plaintiff satisfies me that the defendant must have intended to induce purchasers to buy his preparation under the impression that it was the preparation of the plaintiff; and, under such circumstances, the plaintiff should be protected, unless there is some rule of law which stands in the way. Association v. Piza, 24 Fed. 149.

The rule invoked by the defendant is that a word is incapable of exclusive appropriation as a trade-mark which was originally descriptive of the article to which it is applied, or which has become incorporated into the English language, so as to be recognized as descriptive of the article. "Matzoon," he contends, is the Armenian name for fermented milk, not only in the semi-solid form in which it is most generally made, but also in the less common liquid form. He claims that this term is properly descriptive of the liquid form in Armenia, and in this country among those acquainted with the Armenian tongue, and hence that no one can acquire an exclusive right to use it as a trade-mark here. The word "maadzoon" seems most nearly to represent in English the sound of the name which Armenians give to the semi-solid or custard-like preparation of fermented milk made in Turkey. There is a conflict of evidence as to the application of this term to the same substance when liquified. The fact seems to be that when reduced to the liquid state, either intentionally or by shaking in the process of transportation, it is still denominated "maadzoon" in some districts, while in others it is then called "taan." When the plaintiff came to put his liquid preparation upon the market in this country, he adopted as its designation an inaccurate transliteration of the name most commonly applied by Armenians to the semi-sold product. "Matzoon" does not correctly indicate the lettering of the Armenian word or its sound, to judge from the testimony of the numerous Armenian witnesses in this case. There is probably sufficient resemblance in the sound, however, to signify to Armenians that the preparation was some sort of fermented milk. But I do not think that such a term can properly be regarded as descriptive in this country. It would be absolutely meaningless to all but a little group of Armenians in the millions of inhabitants of the United States. It would be equally meaningless in most of Europe. A Choctaw word would signify just as much. To the medical profession, among whom the plaintiff sought approval for his product, and to the drug trade, the name "matzoon" was practically an arbitrary or fanciful designation. It was not incorporated into the English language. It was derived from

a language hardly known here, and to the vast majority of our people it meant nothing. Hence the rule upon which the defendant relies has no application here.

There must be judgment for the plaintiff in accordance with the findings proposed in his behalf, as modified and signed. The injunction, however, will not go to the extent of forbidding the use of the picture of Mt. Ararat and the ark. Such a picture appears to have been a symbol of things Armenian long before the plaintiff contrived his trade-mark.

Ordered accordingly.