## DADIRRIAN v. YACUBIAN et al.

(Circuit Court, D. Massachusetts. December 1, 1898.)

No. 503.

TRADE-MARKS—FOREIGN NAME OF ARTICLE.

The word "Matzoon," which has been for centuries in Armenia the name of an article of food or diet prepared from sterilized and fermented milk, cannot be appropriated as a trade-name by the person who first introduced the article, as well as the name, into trade in this country.

This is a suit in equity by Markar G. Dadirrian against Gamaliel M. Yacubian and another to restrain the infringement of a trade mark or name.

Betts, Betts, Sheffield & Betts, for complainant.
Alex. P. Browne, for defendants.

COLT, Circuit Judge. In a suit by this complainant against these defendants in the United States circuit court for the Northern district of Illinois, Judge Showalter, on motion for a preliminary injunction, in a well-considered and able opinion (72 Fed. 1010), held that the word "Matzoon" (or "Madzoon"), having been used in Armenia for centuries to designate an article of food or diet made from sterilized and fermented milk, cannot be appropriated as a trade-mark by the complainant, who first introduced both the name and the article into trade in this country; nor can the defendants be enjoined on the theory that the word has become, in a special and secondary sense, a mark of the origin of complainant's goods, because the defendants' label plainly distinguishes their own product from that of the complainant. The present bill was filed July 7, 1894. On November 14, 1894, Judge Carpenter denied a motion for a preliminary injunction. The present hearing was had upon full pleadings and proofs. We have carefully examined the evidence and briefs of counsel, and agree with the conclusions reached by Judge Showalter in the Illinois case. We find nothing in the present record that would, in our opinion, warrant the court in reaching any different conclusion; and we do not see how we can add anything of importance to the reasoning of the court in its opinion in the Illinois case. We cannot resist the conviction that Dr. Dadirrian did not originally adopt the word "Matzoon" as a fanciful or arbitrary name, and that it was not his intention to make a new preparation or product, but that he started with the intention of introducing for the first time into this country a preparation of fermented milk well known for centuries in Armenia, Turkey, and other Eastern countries, and that be intended to call it by its common and well-known Armenian name. Dr. Dadirrian, after graduation at the New York University Medical College in 1871, returned to his old home in Armenia, Asia Minor. He came back to New York in 1884, and began the practice of his profession. In July, 1885, he first put his preparation of "Matzoon" on the market. On June 18, 1885, he read a paper before the New York Academy of Medicine on "Matzoon, or Fermented Cow's Milk," and exhibited samples. That paper declares that:

"Since the earlier periods in history fermented cow's milk has been abundantly used in Armenia, Persia, Turkey, Arabia, and other Eastern countries, by all classes, and in all seasons of the year. It is made in every house, and ordinary milk is not at all used as an article of diet. * * * There are two kinds. One is thick, sometimes like jelly or condensed milk; the other is liquid, like butter milk or koumiss. These two kinds, the one or the other, according to preference, are used for the following purposes: As an article of diet. * * * In Asia Minor, and even in Constantinople, Matzoon is put upon the table in a large dish, and is eaten with bread as a kind of dessert. * * * The farmers use Matzoon when in the field, and by workingmen generally it is used to quench thirst. * * * It is used as an antidote for all kinds of poisoning. * * * It is used as a prophylactic during every epidemic. * * * It is used as a panacea in all acute febrile diseases. * * * Matzoon is more savory than koumiss, although the two do not differ entirely from each other."

In Dr. Dadirrian's earliest circular he said, with respect to his preparation:

"This preparation of milk originated in Armenia, around Mount Ararat, and extended thence to distant countries in Asia Minor, etc. It is used in these countries largely as food and as medicine in every form of febrile diseases; also as an antidote to poisons. * * * It is prepared from pure milk alone. * * * I present this preparation to the medical profession and public in America as differing essentially from other preparations of the kind in present use, without seeking to disparage their acknowledged value, but as something new and altogether unused here, and having many different properties from the others, and ask for it a trial at their hands, with great confidence in its value, based upon a personal experience in its use during three years in Asia Minor, ten years in Constantinople, and considerable time in New York, and from observing its usefulness in the hands of eminent American, German, and French physicians in Constantinople."

On September 2, 1884, Dr. Hamlin, an American missionary, who had witnessed the beneficial effects of Matzoon in the East for 40 years, wrote to Dr. Dadirrian as follows:

"I am glad of your effort to introduce Matzoon. I used it constantly in its solid form for thirty years in Turkey."

Dr. Van Lennep, late missionary of the American board in Turkey, writes to Dr. Dadirrian, under date of September 12, 1885:

"I am glad to learn that you are introducing into this country the celebrated Oriental fermented milk food, called 'Matzoon.' The Arabs set so high a value upon it that they hold a tradition that an angel was sent from Heaven to reveal the secret to their father, Abraham; and they drink no water, but their favorite Matzoon instead, which stands night and day in a large dish near the entrance of the tent."

Upon Dr. Dadirrian's own admissions, we fail to see how he can claim "Matzoon" as, in any proper sense, an arbitrary or fanciful word, and therefore the proper subject of a trade-mark. We think this case is clearly governed by the opinion of the supreme court in the leading case of Canal Co. v. Clark, 13 Wall. 311.

The defendants' label is so different in appearance from complainant's that no relief can be granted on the ground that the ordinary purchaser is likely to be deceived or of unfair trading. Bill dismissed.