(37 Misc. Rep. 23.)

### DR. DADIRRIAN & SONS CO. v. HAUENSTEIN.

(Supreme Court, Special Term, New York County. January, 1902.)

1. TRADE-NAME—EXCLUSIVE RIGHT.

Where a person in 1885 first gave commercial value to the name "Matzoon" as a designation of medicinal fermented milk, he is entitled to an exclusive property therein as a trade-name, and can restrain the use of it by others.

2. SAME—PRIOR USE.

The word "Matzoon," as applied to fermented milk, may be deemed a fanciful designation thereof, although an article of a similar nature, but different consistency, has been used in the extreme East under the name "Madzoon" or "Maadzoon."

3. SAME—ABANDONMENT.

The fact that the word "Zoolak" was used in connection with the word "Matzoon" indicates no intention on the part of the owner of the preparation to abandon the use of the word "Matzoon."

Action by Dr. Dadirrian & Sons Company against William Hauenstein to restrain the use of a trade-mark. Judgment for plaintiff.

Betts, Betts, Sheffield & Betts (J. R. Sheffield, of counsel), for plaintiff.

McEwan & McEwan (G. J. McEwan, of counsel), for defendant.

BLANCHARD, J. This action is brought to restrain the defendant from using the word "Matzoon." The plaintiff acquired its rights to the use of the name "Matzoon" from Dr. Marka G. Dadirrian, who adopted the word to a liquid preparation of fermented milk of a medicinal character. The defendant not only questions the plaintiff's rights to the use of the word, but raises the points of res adjudicata and abandonment. On the point of res adjudicata the proofs do not satisfy me that Senekerim Gullian is a member of the firm of Gullian & Co. It seems that in an action brought in the United States circuit court, in the state of New Jersey, by Dr. Dadirrian against Senekerim Gullian (79 Fed. 784), the court refused an injunction restraining the defendant from using the name "Matzoon." The claim of res adjudicata is predicated upon the fact that this same Senekerim Gullian is now a member of the firm of Gullian & Co.,

who manufactures the goods sold by the defendant. The evidence, in my opinion, fails to sustain defendant's contention. The point of abandonment arises by reason of the adoption by plaintiff of the trade name "Zoolak" in connection with its goods. But the evidence here again fails to sustain the defendant's contention. The proof is that the name "Zoolak" was only adopted as an additional precaution by the defendant to distinguish its goods, and is used in conjunction with the old name of "Matzoon,"—both names being used. From the evidence in this case I would not be justified in holding that an intention to abandon the word "Matzoon" was made out. There is no claim in this case that the style of labels or manner of putting up the article known as "Matzoon," which the defendant sells, is an imitation of the goods of the plaintiff, except that the name under which both plaintiff and defendant sell are identical. Plaintiff claims that the word "Matzoon" is a fanciful designation first introduced and adopted by Dr. Dadirrian many years ago for the liquid preparation of fermented milk which he has introduced to the American public, and, as such, is its exclusive property as the successor to the business of Dr. Dadirrian. On the other hand, it is claimed by defendant that the word is not a fanciful one, but the name of an article of food in general use in Armenia and other Oriental countries, and as such not the subject of any exclusive appropriation, and not a proper trade-mark. The evidence on this subject, briefly stated, is as follows: An article exists, and has existed for years, in Armenia and other Eastern countries known variously under the name of "Madzoon" or "Maadzoon." The evidence preponderates that such article was a species of fermented milk, having the consistency of a jelly or cup custard, and that it was not a liquid; that when in liquid form it was known as "Taa." There is, however, some evidence that in some provinces it was known by that name in a liquid form. It was first introduced into this country in 1885 by Dr. Dadirrian, and it is to his industry and efforts that the article has a commercial value to-day. The word, at the time of its adoption by Dr. Dadirrian, had no significance to the American public; and even though the sound of the American letters as arranged in the word "Matzoon" may have been sufficient to call to mind to the few Armenians in this country the article in use in Armenia, I do not think that sufficient to deprive the combination of letters making up the word in the English language of its fanciful character, which makes it the proper subject of trade-mark. The question as to whether the word "Matzoon" is a proper subject of trade-mark has been before the courts of this country for adjudication quite frequently, and the decisions are not in accord. The federal courts have held that the word could not be appropriated as a trade-name in this country. Dadirrian v. Yacubian (C. C.) 72 Fed. 1010; Id., 90 Fed. 812, affirmed on appeal in 39 C. C. A. 321, 98 Fed. 879; also, Dadirrian v. Gullian (Kirkpatrick, District Judge; C. C. D. N. J.) 79 Fed. 784. On the other hand, the courts of this state have held to the contrary. Dadirrian v. Theodorian, Sup. Ct., Kings Co. June 1, 1894, affirmed on appeal, 84 Hun, 296, 32 N. Y. Supp. 1141, and on the trial, Bartlett, J., July 8, 1895; and also Dr.

Dadirrian & Sons Co. v. Wischerth, Kings Co., July 3, 1900. The equities of the case are with plaintiff, and until the higher courts of this state hold otherwise I·prefer to follow the decisions of the courts of this state, and to hold that the word "Matzoon" is an arbitrary and fanciful designation, a proper subject of a trade-name, and the exclusive property of the plaintiff. It follows, therefore, that the plaintiff is entitled to judgment.

Judgment for plaintiff.