### SWIFT & CO. v. BRENNER et al.

(Circuit Court, S. D. New York. December 2, 1903.)

1. UNLAWFUL COMPETITION—GOODS—SIMILARITY OF LABELS.

Plaintiff manufactured and sold soap put up in single-cake packages, marked, "Old Mill Soap," with a picture of an old mill, and, underneath, "Made by Swift & Co., Chicago," and on each side was printed the same words. Defendant, under the name Crown Manufacturing Company, put up soap in similar packages, on the top of which was printed, "Old Stone Mill Soap," with a picture of an old mill, and, under it, "Made by Crown Mfg. Co.," with the same words on each side. The situation of the letters and the type of the names were similar in each case, and the appearance of the package was well calculated to deceive the public. *Held*, that defendant's act constituted unfair competition.

In Equity.

Appleton L. Clark, for plaintiff.
Henry Kuntz, for defendants.

WHEELER, District Judge. This suit is brought for unfair competition in trade in the sale of soap. The plaintiff deals in what it calls "Old Mill Soap." It is put up in cakes in single packages marked on the top, "Old Mill Soap," with a picture of an old mill, and, underneath, "Made by Swift & Co., Chicago," and on each side, "Old Mill Soap made by Swift & Co., Chicago." The defendant, under the name of the Crown Manufacturing Company, has made and put up soap in single cakes, on the top of which is "Old Stone Mill Soap," with a picture of an old mill, and under it, "Made by Crown Mfg. Co.," and on each side, "Old Stone Mill Soap made by Crown Mfg. Co." The situation of letters and the type of the names are similar in each. This similarity in the wrappers of the cakes and of the names "Old Mill" and "Old Stone Mill" presents a similar appearance of the soap of the defendant to that of the plaintiff, and it seems well calculated to make those ordinary purchasers of such articles who are familiar with the plaintiff's soap think that the defendant's soap is the same as that of the plaintiff. The insertion of the name "Stone" in "Old Stone Mill" is not marked enough to attract the attention of an ordinary purchaser looking for "Old Mill Soap," and the dissimilarity in the mills and in the name of the maker would not correct the impression. The effect of the whole would be to lead many purchasers of such articles to think that they are the same. The

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

testimony discloses no reason why the defendant should, under another name than his own, take up this name of "Old Mill Soap" and these packages, with so much similarity and such slight differences, to use in his business. He might as well have taken his own name, or some other than this. The impression made is that this was taken for the purpose of passing off his soap as that of the plaintiff.

These considerations entitle the plaintiff to a decree. Decree for plaintiff.