### SELCHOW et al. v. CHAFFEE & SELCHOW MFG. CO.

(Circuit Court, S. D. New York. November 17, 1904.)

**1. TRADE-MARKS—FOREIGN NAME OF ARTICLE.**
 The word "Parcheesi" cannot be monopolized in the United States as a trade-mark for a game introduced from India, where it had long been known by a name similar in sound.

**2. SAME—UNFAIR COMPETITION.**
 Where, however, complainant introduced the game into this country 35 years ago, and has made and sold it since that time under the name "Parcheesi," which he also registered as a trade-mark therefor in good faith, a later manufacturer, which not only appropriated the name solely because it had become known and popular through complainant, but also incorporated complainant's name in its own corporate name without any apparent reason therefor except to deceive the public as to the origin of its goods, is chargeable with unfair competition.

---

¶ 2. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

In Equity. The complainants seek to perpetually restrain the defendant from using the name "Parcheesi," an alleged trade-mark and trade-name of the complainants, and also from using the name "Selchow," in connection with games not manufactured or sold by the complainants, etc.

See (C. C.) 118 Fed. 1023.

Briesen & Knauth, for complainants.

A. Bell Malcomson, for defendant.

RAY, District Judge. The complainants compose the firm of Selchow & Righter, which firm is, and for many years has been, engaged in the manufacture and sale of toys, games, etc., including a game called by them and others "Parcheesi." The defendant is an incorporated company of New Jersey, and at the time of the commencement of this action was, and for some months had been, engaged in manufacturing games, etc., including this game of parcheesi. It is conceded that no one bearing the name of Selchow has ever been connected with defendant company, although one Selchow, a son of complainant Selchow, was once connected with a firm or company engaged to some extent in manufacturing the game in question for the complainants. That firm or company failed, and was sold out by the sheriff. It is shown that the person who organized the defendant company purchased what was purchasable of the property of that insolvent company. The defendant company was then formed, but, as stated, no one by the name of Selchow is interested therein as incorporator, stockholder, director, or otherwise. The name "Patcheesi" or "Parcheesi" has been applied to this game since 1869 by complainants and their predecessors and assignors, and the purchasers of and dealers in this game have come to recognize it, when marked or labeled "Parcheesi," as the game manufactured and sold by complainants. The complainants do not assert the exclusive right to manufacture and sell the game (the board and means for playing it), for they concede others have been and are rightfully making and selling it under other names; but they do assert that they have the exclusive right to the use of this trade-mark or trade-name "Parcheesi." The defendant company claims to have shown that this name "Parcheesi" is descriptive of the game, the name by which it was known in India both before and since it was brought to or introduced into this country. That the game (in substance the same) came from India cannot be doubted. The Hindoostanee name for it might be pronounced "Parchise," "Pucheese," or "Putcheesi," but not "Parcheesi." It must be conceded that the sound is very similar. It is plain to this court, on a careful consideration of all the evidence, that complainants or their predecessors made up this particular name merely as a changed form of the sound or pronunciation of the Hindoostanee name of the game. It is similar to the old name, and is to that extent only descriptive of the game. As early as March 17, 1874, Elisha G. Selchow registered in the United States Patent Office under the act of Congress approved July 8, 1870, the word "Parcheesi" as a trade-mark "to denote a particular game manufactured and sold by me." He says: "What I claim and desire to secure by registration is the

word 'Parcheese' when used as a trade-mark to designate a game, substantially as described." The firm of Selchow & Righter, the complainants, was formed, and they manufactured and sold the game, including the board, etc., on which it is played, having printed on the diagram for playing the game and on which it is played (that diagram being on the board) the words "Parcheesi, Patented March 17th, 1874," and this was continued for about 17 years. As a registration of a trademark that registration of 1874 was of no avail, except so far as it gave actual notice of a claim to the word, as that act was pronounced unconstitutional. See Trade-Mark Cases, 100 U. S. 82, 25 L. Ed. 550. May 20, 1890, said Elisha G. Selchow made a new registration under the act of Congress approved March 3, 1881, c. 138, 21 Stat. 502 [U. S. Comp. St. 1901, p. 3401]. In the statement of such trade-mark registration he says, among other things:

"I * * * have adopted for my use a trade-mark for games played with boards, dice, and counters; and I do hereby declare that the following is a full, clear, and exact specification thereof: This trade-mark consists of the arbitrarily selected word-symbol 'Parcheesi.' This has generally been arranged as shown in the accompanying fac-simile—that is, printed, engraved, or otherwise produced in ornamental letters upon a panel within a rectangular-shaped label having a white background, being preceded by the words, arranged above the panel, 'A Royal Game of India,' and followed by the words, arranged in a curved line below the panel, 'Popular Edition,' all being inclosed by a suitable ornamental border. The letters of the mark, the accompanying words, the panel, and border are here produced in black; but it is to be understood that the background of the label may be of any other color, and the words, the panel, and the border in a color contrasting therewith. For instance, the background may be of blue and the panel and the words thereon in a golden-colored ink. The words preceding and following the mark and the panel upon which it is produced may be changed or omitted and some other words, designs, or characters substituted therefor without altering my trade-mark, the essential feature of which is the arbitrarily-selected word-symbol 'Parcheesi.' This trade-mark has been continuously used by me in my business since on or about February 18, 1869. The class of merchandise to which this trade-mark is appropriated is games and toys, and the particular description of goods comprised in said class upon which the trade-mark is used is games played with boards, dice, and counters. It is my custom to print the words upon labels which are applied to the boxes containing the implements of the game and upon the boards upon which the game is played. I may also use it in advertising my business."

It is clear that Selchow recognized and admitted the fact that the game came from India, for the registration expressly states it to be "A Royal Game of India." This court is of the opinion that it ought to follow Dadirrian v. Yacubian et al., 98 Fed. 872, 39 C. C. A. 321, in disposing of the question whether or not the complainants could appropriate the name "Parcheesi" as a trade-mark, and protect it by registration. The game itself, with no variation worthy of note, is, and for a long time before introduced into this country had been, made, played, and known in India. The foreign name was and is so similar to "Parcheesi" that an American hearing the Hindoostanee name of the game pronounced in India would recognize it as complainants' game, and one only acquainted with the game and its name as used by the Hindoostanees on hearing the name "Parcheesi" would at once recognize it. While something may be said on both sides of the question (see Matzoon Cases, Dadirrian v. Theodorian, 15 Misc. Rep. 300, 37 N. Y. Supp.

611; Dadirrian & Sons Co. v. Hauenstein, 37 Misc. Rep. 23, 74 N. Y. Supp. 709; Dadirrian v. Yucabian (C. C.) 72 Fed. 1010; Id., 90 Fed. 812; Id., 98 Fed. 879, 39 C. C. A. 321; Dadirrian v. Theodorian, 84 Hun, 296, 32 N. Y. Supp. 1141), it seems that a person ought not to be permitted to introduce into this country an article of manufacture of any description, including a game such as is in question here, and gain a monopoly either of the game, article, or name thereof, by registering its name as a trade-mark under our trade-mark laws, either using the foreign name or one so similar as to leave no doubt of the game or article intended on hearing the name pronounced or on seeing it written. Should this be permitted, one introducing a foreign game or article into this country under its foreign name could, by registering that name, slightly varied perhaps, as a trade-mark, gain a monopoly as against all persons who, ignorant of the prior introduction, should subsequently innocently introduce into this country and make and sell such article or game under its true name. Because the foreign name is known here to but a few to-day does not signify it will not be known to hundreds to-morrow and thousands next week and tens of thousands next month. It is therefore held that the word "Parcheesi," as used and claimed by the complainants, is not a valid trade-mark. In describing it as "patented" the complainants fell into a not uncommon error, sometimes found in law books or legal opinions where "registered" has been confounded with "patented." There was no intent to cheat or defraud.

Coming, then, to the question of complainants' rights on the theory that defendant is so using the name "Parcheesi" as to cause confusion in trade and "palm off" its goods as the goods of the complainants, we find more difficulty. It is evident that defendant has supposed the complainants to have a valid trade-mark in the name "Parcheesi." They did not attempt to use the name until, as they supposed and assert here, the patent or trade-mark had expired. It does not appear that others have used or attempted to use the name "Parcheesi." In making and selling the game others have called it "India Chess." The complainants have built up an extensive and a lucrative trade in this game under this name "Parcheesi," and, as stated, whoever sees or hears of the game parcheesi (referring to the board, etc.) at once recognizes it as a game or article manufactured and sold by the complainants. It is clear to this court that, if defendant is permitted to make and sell this game (meaning the board, diagram, etc., used for playing the game) under the name "Parcheesi," they will take away a part, if not a large part, of complainants' business to their great damage. That they intended so to do is plain, and they use the word "Parcheesi" not because it is the Hindoostanee or foreign name of the game, for they are compelled to concede it is not (although so very similar, as before stated), but because it is the name of the game given to it by the complainants, and whose enterprise in business has caused it to become, under that name, a popular game, and an extensive article of commerce, from the manufacture and sale of which, under that name, large profits have been and may be derived. It seems plain that to permit the defendant to make and sell this article under the name "Parcheesi" will legalize a fraud upon complainants' rights. It is not intended to hold that defendant may not use the Hindoostanee name of

this game in putting it on the market and selling it, for that every one has the right to do. The one who first introduces a foreign game or article under its true name cannot monopolize either the game or article or the name thereof, nor can such person, by slightly changing the name, prevent others lawfully making and selling the same game or article from selling it under its true name, for the alleged reason that it resembles the name such person saw fit to give it when introducing it. Such person so giving the article a new name closely resembling the true name may gain the exclusive right to his trade-name if such new name becomes such, but he cannot be heard to complain that the true name so closely resembles his name (the name given the article by him) as to lead to possible confusion, etc. It has come to be settled law that one man shall not intentionally put up and sell goods of his manufacture under such a garb and guise or name as to induce purchasers and users to take and use or sell them supposing them to be the goods made and sold by some other person or firm. If the doctrine has been of slow growth, it has been, and is supported by common sense and a desire to promote common honesty in dealing.

In this case the defendant not only uses on its goods the name "Parcheesi," which by common consent and long usage has come to signify goods of the complainants' manufacture, but has intentionally adopted a corporate name still further calculated to deceive, mislead, and confuse purchasers (the public) into taking goods made by defendant when they desire and intend to purchase those made by the complainants. Elisha G. Selchow registered the name "Parcheesi" evidently in good faith as a trade-mark for the game parcheesi. He re-registered it. He and John H. Righter, under the firm name "Selchow & Righter," have made and sold that game under the name "Parcheesi" for years. It means a game or goods made and sold by them. The name "Selchow" has come to be almost inseparable from "Parcheesi." Why has the defendant corporation put the name "Selchow" into its corporate name? Because it has a place of business at Selchow, or a corporator, stockholder, or officer of that name? Clearly not. But for the reason that Elisha G. Selchow registered the name "Parcheesi," and has, with another, built up the trade before described, and because it was desirable and intended to give the impression to the trade and business world that goods made and sold by defendant are those made and sold by complainants.

A careful examination of all the evidence fails to disclose any reason for the use by defendant of the word "Parcheesi" as designating its goods, or of the name "Selchow" in the corporate name, except to confuse the public, and enable it to gain the market and trade built up by complainants. Defendant is clearly guilty of unfair competition in trade, and the complainants are entitled to a decree restraining the use by defendant of the word or name "Parcheesi" and of the name "Selchow" in the name of the firm, and also for an accounting.