BICKMORE GALL CURE CO. v. KARNS et al.

(Circuit Court of Appeals, Third Circuit. February 1, 1905.)

No. 14.

1. UNFAIR COMPETITION—IMITATION OF LABELS AND DRESS OF GOODS.

Where two persons are engaged in selling like goods, while neither can acquire the exclusive right to aptly designate and describe them, or to attractively present them for sale, with appropriate directions for their use, neither has the right to do any of those things in such manner as to mislead purchasers into the belief that his goods are those of his competitor; and, where it is shown that the resemblances in such particulars are so calculated to mislead that they can reasonably be accounted for only on the hypothesis of simulation and design, a case of unfair competition is made out, which entitles the older dealer to an injunction, even though actual deception is not shown.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 78–86.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME.

The boxes, cartons, labels, and advertising matter used by complainant and defendants in the sale of their respective remedies for galls on horses and cattle *held* to disclose such similarity as to evidence a design to deceive purchasers on the part of defendants, who entered the business after complainant's remedy had become generally known, and to constitute unfair competition.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 126 Fed. 573.

J. F. Gould and Edmund Wetmore, for appellant.

S. S. Mehard and John G. Johnson, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal from a decree dismissing a bill in equity which charged the defendants (here the

appellees) with infringement of certain trade-marks adopted and registered by the complainant (here the appellant) for use upon its "gall cure," and also with unfair competition in trade with respect to that commodity. Whether the first-mentioned ground for relief was established need not be decided, for, in our opinion, the evidence, in its entirety, at least made out a case of unfair competition, and nothing more was requisite to the maintenance of the suit.

A brief statement of the more important facts which the record discloses is necessary to a just consideration of the rights of the respective parties. About 20 years ago, Abiel P. Bickmore put his gall cure upon the market. He manufactured and sold it, but not very extensively, until about January, 1892, when he transferred to the appellant all his rights therein or connected therewith; and that corporation succeeded him in the business, and has since actively prosecuted it. Early in the year 1897 the appellees entered the field by distributing a circular advertising their gall cure. Mr. Alexander S. Karns himself has testified that this circular was copied, to a material extent, from the circular and other publications of the appellant; and there can be no doubt, as was said by the learned judge below, "that his originally contemplated purpose was to use the phraseology of commendation and description long used by complainant." The appellant promptly gave notice that this was an invasion of its rights, and thereupon the appellees ostensibly undertook to designate, describe, and dress their product in such manner as to prevent purchasers exercising such care as is ordinarily taken in buying articles of that sort from accepting it as being that of the appellant. This we are asked to believe was in good faith intended, but we find it impossible to do so. If it had been really purposed to distinguish the appellees' gall cure from that of the appellant, that purpose might have been accomplished without any curtailment of the right of the appellees to suitably name and characterize their own. But the fact is, as the evidence has convinced us, that the object actually in view was not to obviate confusion, but to escape responsibility for causing it. Undoubtedly, where two persons are engaged in selling like goods, neither of them has or can acquire the exclusive privilege to aptly designate and describe them, or to attractively present them for sale, with appropriate directions for their use. But neither of them has the right to do any of these things in such manner as insidiously to mislead purchasers into the belief that his wares are those of his competitor; and we cannot agree that the resemblances in designation, description, presentment, and directions which are complained of in this case "may fairly be attributed to the fact that both parties sell remedies of the same kind, and intended to accomplish the same result." They exhibit something more than a family likeness. Mutuality of relationship to the same kind of thing does not suffice to account for them, and, except upon the hypothesis of simulation and design, their adaptation to mislead would be inexplicable. The two preparations themselves are alike in appearance, but this may arise from their being composed of like

ingredients, and therefore would not alone be sufficient to warrant the inference of fraudulent intent. But the fact that they are so nearly the same in color and consistency as scarcely, if at all, to be distinguishable by inspection or use, is not without pertinency, because, by reason of that fact, a lesser degree of similarity in the devices attending their sale is sufficient to induce the belief that they have a common origin, than would have been requisite if the substances themselves had been obviously different. The appellant spent a considerable sum in advertising, and had finally succeeded in establishing a profitable trade, when the appellees attempted to appropriate the phraseology which it had long used, and so to reap the benefit of its efforts and expenditures. They learned that the law would not permit this to be done, and then they made some changes; but they were only colorable. The wrongful purpose was neither abandoned nor hindered. It was only more speciously, but still potently, pursued. In consequence of its long-continued use of the picture of a working horse, in connection with the phrase, "Be sure to work the horse," the appellant's remedy had become well known as "Work the Horse Gall Cure" before the appellees applied to their remedy the picture of four working horses in connection with the words "Four Horse Gall Cure," and the phrase "Always work the horse while using the cure." These matters, with some slight and unimportant variations, prominently appear upon their several packages, circulars, display cards, and directions. Their larger boxes, in which the smaller ones are delivered to dealers, are of substantially the same size, and of exactly the same shape, as those of the appellant. Both are yellow or yellowish in color; and the smaller boxes, in which the respective salves are sold at retail, present like features of correspondence. It is not practicable to reproduce the several packages and publications of the respective parties, and, without doing so, it would be difficult to convey an adequate impression of the significance of the particular points of resemblance which they display. But this need not be attempted, for the true question is not whether the boxes, circulars, advertisements, and directions of the appellees are, in their details, the same, or nearly the same, as those of the appellant, but whether the general effect produced by those of the appellees is such as would be likely to lead ordinary purchasers to accept their gall cure as being that of the appellant; and our consideration of the evidence, and especially of the exhibits, has irresistibly led us to the conclusion that it is. The complainant would have been entitled to protection against the attempt to deprive it of its trade or customers even if it had not proved that such attempt had been successful. McLean v. Fleming, 96 U. S. 252, 24 L. Ed. 828. The means devised to that end were well calculated to mislead, and it was not essential that any particular person should have been actually misled. Scheuer v. Muller, 74 Fed. 225, 20 C. C. A. 161; Swift & Co. v. Bronner (C. C.) 125 Fed. 826. But we may add, without referring to the testimony in detail, that we think it sufficiently shows that, in at least some of the instances to which it relates, the object designed was accomplished.

The decree of the circuit court is reversed, and the cause will be remanded to that court for further proceedings in pursuance of this determination, and in conformity with the foregoing opinion.