## WILLYS-OVERLAND CO. v. AKRON-OVERLAND TIRE CO., Inc.

(District Court, D. Delaware. August 2, 1920.)

No. 386.

1. **Trade-marks and trade-names** ⬤⇒59 (4), **78**—**Use of word in corporate name by tire company constituting unfair competition as against automobile company.**

Where the word "Overland," which was a part of their corporate names, had been used by complainant and its predecessors for 13 years, and registered, as a trade-mark for automobiles, and had been featured in extensive advertising, so that it had become associated by the public with complainant and its products, and had also been used with complainant's consent in the names of other corporations associated with it in the automobile business as subsidiaries or sales agents, the adoption of such word

as a part of its corporate name by defendant, which was engaged in the business of rebuilding automobile tires and purposed listing its stock on exchanges, *held* to constitute unfair competition, which entitled complainant to an injunction, although it was not at the time engaged in making tires.

2. **Trade-marks and trade-names** ⊙⟶**75—Actual deception not essential of unfair competition.**

> To warrant the granting of an injunction against unfair competition, it is not essential that the evidence should show that any particular person has actually been misled.

In Equity. Suit by the Willys-Overland Company against the Akron-Overland Tire Company, Inc. On motion for preliminary injunction. Granted.

Andrew C. Gray, of Wilmington, Del., and Robert G. Thach, of New York City, for plaintiff.

John R. Nicholson, of Wilmington, Del., and Nathan Vidaver, of New York City, for defendant.

MORRIS, District Judge. The plaintiff, the Willys-Overland Company, an Ohio corporation, by its bill of complaint charges the defendant, Akron-Overland Tire Company, Inc., a Delaware corporation, with a wrongful and unfair use of the word "Overland," and now moves for a preliminary injunction restraining and enjoining the defendant from using that word as the whole or as a part of its corporate name, from listing its capital stock upon the New York curb market, or any other association or exchange where listed stocks and securities are dealt in, under any name containing the word "Overland," and from designating its tires, or other automobile accessory made or sold by it, by the word "Overland," or by any combination of words containing that name.

The plaintiff obtained its charter in 1912. It thereupon acquired the entire business, assets, trade-mark, trade-name, and good will of Willys-Overland Company, a corporation, which in its turn had acquired the like rights and property of the Overland Automobile Company, an Indiana corporation. The last-named company manufactured and sold automobiles. It began business in 1907. During all of the intervening period of 13 years the plaintiff and its predecessors have sold their products under the name "Overland" throughout the United States. This name was, in 1909, registered in the United States Patent Office as a trade-mark for automobiles by the Overland Automobile Company. The word "Overland" appears upon the products of the plaintiff. Advertisements of the plaintiff appearing in newspapers, periodicals, and upon billboards and electric signs throughout the United States have given special prominence to "Overland." Companies affiliated with the plaintiff include that word in their corporate names, as do also, with the consent of the plaintiff, many companies dealing exclusively in the products of the plaintiff. The products of the plaintiff have long been widely and favorably known to the public by the name "Overland."

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Consequently a corporation other than the plaintiff, engaged in the manufacture or sale of automobiles, their parts or accessories, and using the word "Overland" as a part of its name, or marking such articles "Overland," thereby suggests to the public that it is the plaintiff, or is connected therewith, and that its product is made by or for the plaintiff. Such deception would unquestionably enable the corporation engaging therein to pass off at least a portion of its product and capital stock as the product and capital stock of the plaintiff. The capital stock of the plaintiff is widely bought and sold by the general public. The plaintiff and its predecessors, operating under corporate names embodying the word by which their products were and are known, have built up and established for the plaintiff a reputation for financial responsibility and fair dealing, and have led the public to expect a certain standard of quality in its products.

The business of the defendant is that of rebuilding or retreading automobile tires and selling the same. It was organized in October, 1919, under the name of Akron Tire Company, Inc. In January, 1920, by amendment of its charter, it changed its name to Akron-Overland Tire Company, Inc. The circumstances surrounding the change of name are instructive. The Overland Tire Company, a New Jersey corporation, was engaged in the same business as the defendant. The plaintiff objected to the use of "Overland" in the corporate name of that company, and requested that that word be eliminated therefrom. After conferences and correspondence between representatives of the two corporations, counsel for the Overland Tire Company agreed to recommend that the request of the plaintiff be complied with, upon condition that the plaintiff share pro rata in the expense thereof, to which condition the plaintiff assented. But the elimination was not made. On the contrary, another course was pursued. The plaintiff soon thereafter received from the attorney representing the Overland Tire Company a letter reading in part as follows:

"With reference to the above corporation [Overland Tire Company], I am informed to-day that it has just been acquired by Akron Tire Company, a corporation of the state of Delaware. I also am informed that Akron Tire Company proposes to consolidate or merge the two corporations, and will change its name to Akron-Overland Tire Company, at least for the present. The Overland Tire Company had determined to change its name, but the present owners decided to proceed under the new name as stated above. Neither * * * nor the writer represent the Akron Company in any capacity, which it is understood is represented by * * *."

The defendant acquired the business, property, and rights of the Overland Tire Company, and immediately changed the name of the former to Akron-Overland Tire Company, Inc., as above stated. Four of the seven directors of the defendant were directors of the Overland Tire Company; it having five directors. The president and secretary of the defendant were president and secretary, respectively, of the Overland Tire Company. The business of the defendant is not so unrelated to that of the plaintiff as to prevent injury to the latter if confusion results from the action of the former. That the name of the defendant is conducive to confusion there can be no doubt on the

evidence. The Detroit Free Press published July 28, 1919, on its financial page, an item containing these statements:

"Stock of the Overland Tire Company will shortly be sold on the New York curb. This is the company in which John N. Willys [the president of the plaintiff] is said to be the controlling factor."

A letter to John N. Willys says:

" * * * I was under the impression, when I had purchased tires from the Overland Tire Company, that that firm and yours was one."

Indeed Burrill Ruskay, the treasurer and a director of the defendant company, seems to have recognized the likelihood of confusion, for in his affidavit, filed on behalf of the defendant, he says:

"That on or about the first part of June, 1919, my attention was called to the fact that the Overland Tire Company of New Jersey was in need of additional capital in order to expand its business. That after negotiations had progressed, and when about to sign a definite agreement to undertake the sale of the stock of the Overland Tire Company, I pointed out the possibilities of an objection being raised by the Willys-Overland Company to the name Overland."

Later in his affidavit Mr. Ruskay admits by necessary implication that actual confusion has resulted. He states:

"To my personal knowledge and belief, the similarity in names harms the Overland Tire Company, in view of the stock market antics of the stock of the Willys-Overland Company, and also the criticism that have been brought to our attention of the products of that company."

If an illustration be needed that the confusion was not eliminated by the prefix "Akron," it is found in the above quotation from the affidavit of Mr. Ruskay. He there refers to the defendant as "Overland Tire Company." If an officer of the defendant so designates the defendant in an affidavit, a like designation by that part of the public purchasing tires and capital stock should not be characterized as unreasonably careless. Again, one of the corporations engaged in selling the plaintiff's products has, with the consent of the plaintiff, the corporate title "Overland-Akron Motor Mart Company." In Celluloid Manufg. Co. v. Cellonite Manufg. Co. (C. C.) 32 Fed. 94, Mr. Justice Bradley, referring to the defendant's name, said:

"It is not identical with the complainant's name. That would be too gross an invasion of the complainant's right. Similarity, not identity, is the usual recourse, when one party seeks to benefit himself by the good name of another."

Philadelphia Trust, S. D. & I. Co. v. Philadelphia Trust Co. (C. C.) 123 Fed. 534, 541, is to the same effect.

There is some prima facie conflict in the evidence upon the point whether the confusion results in injury to the plaintiff or to the defendant. Numerous affidavits filed on behalf of the plaintiff assert that the plaintiff is injured by the confusion. Some affiants for the defendant, including Mr. Ruskay, as appears from the last-quoted portion of his affidavit, say the detriment resulting from the confusion falls upon the defendant. Such deponents, when so stating, apparently overlook the force of the fact that the defendant voluntarily and deliberately adopted "Overland" as a part of its corporate name,

long after the word had acquired a secondary significance in the automobile industry, and after its potency for benefit or injury had become well known. Conflicting testimony of that character is not of the kind required to prevent a decree for a preliminary injunction.

The defendant must have had some reason for adopting "Overland" as a part of its corporate name. What was the reason? It is not a family name, a geographical name, or a descriptive name. The cause and the only cause advanced for its use by the defendant is found in the affidavit of its president, who says:

"The use of the word 'Overland' in the corporate name was not commenced with a view to defrauding or deceiving any person, or for the purpose of hindering or embarrassing the complainant in its lawful business; but the word was deemed peculiarly adaptable to tires which are essentially the part of an automobile which goes 'over the land.'"

Such an excuse calls for no comment. Yet the defendant incongruously points out that it does not sell its tires as Overland tires, but designates them by a name having no resemblance to the word in question. Why the name that was deemed by the defendant to be "peculiarly adaptable to tires which are essentially the part of an automobile which goes over the land" was not used for its tires, but was used as a part of its corporate title, is left to surmise. It seems to me that a remark of Lord Macnaughten in Reddaway v. Banham, L. R. [1896] A. C. 199, 221, is peculiarly applicable to this situation. He said:

"But fraud is infinite in variety; sometimes it is audacious and unblushing; sometimes it pays a sort of homage to virtue, and then it is modest and retiring; it would be honesty itself if it could only afford it. But fraud is fraud all the same; and it is the fraud, not the manner of it, which calls for the interposition of the court."

In my opinion it appears from the evidence that the defendant is using "Overland" in its corporate title unfairly and to the detriment of the plaintiff.

[2] That the use by a defendant in its name of a word, of the kind in question, calculated to lead the public to believe its goods are the goods of the plaintiff, may be enjoined is well settled. Bissell Chilled Plow Works v. T. M. Bissell Plow Co. (C. C.) 121 Fed. 357, 365; Selchow v. Chaffee & Selchow Mfg. Co. (C. C.) 132 Fed. 996, 1000; Eastman Company v. Kodak Cycle Co., 15 R. P. C. 105; Premier Cycle Company v. Premier Tube Company, 12 Times Law Reports, 481. It is not essential for the evidence to show that any particular person has actually been misled. Bickmore Gall Cure Co. v. Karns, 134 Fed. 835, 67 C. C. A. 439; T. A. Vulcan v. Myers, 139 N. Y. 364, 34 N. E. 904. The fact that the plaintiff is not now engaged in the manufacture of tires is not a bar to the relief sought. Eastman Co. v. Kodak Cycle Co., supra; British-American Tobacco Co. v. British-American Cigar Stores Co., 211 Fed. 933, 128 C. C. A. 431, Ann. Cas. 1915B, 363; Dunlop Pneumatic Tyre Company v. Dunlop-Truffault Cycle & Tube Mfg. Co., 12 Times Law Reports, 434; Metropolitan Tel. & Tel. Co. v. Metropolitan Tel. & Tel. Co., 156 App. Div. 577, 141 N. Y. Supp. 598.

I am satisfied from the pleadings, affidavits, and exhibits that the motion of the plaintiff for a preliminary injunction should be granted. A decree in conformity herewith may be submitted.