General Motor Truck Corporation et al.
vs.
Leander R. Briggs and John E. Pugh

Eq. No. 10692.

May 20, 1931.

BLODGETT, P. J. Heard upon motion for a preliminary injunction.

Complainants are the General Motors Truck Corporation, manufacturing trucks and automobiles, and the General Motors Truck Company, engaged in selling and servicing trucks in Rhode Island and elsewhere. A predecessor in title of complainants registered the letters "G M C" as a trade mark in 1912 and since that time have used this combination of letters to identify their trucks and also their business and service, and complainants have widely advertised this emblem as a distinctly trade name for themselves and their associates in business. Respondents are engaged in buying and selling used automobiles and have adopted the same emblem and have displayed on their place of business prominent signs bearing the letters "G M C —Used Car Dept."

Respondents claim the right to use this emblem as they have registered a trade mark as "General Merchandising Company" and that it contains the same combination of letters, viz.: "G M C." Further that there is no competition between complainants and respondents.

In the very elaborate brief of respondents great stress is laid upon the proposition that in a case of this nature no preliminary injunction should be granted until an extensive hearing upon the merits and that until such hearing was held the parties should be left "in statu quo," and that such drastic relief usually should await a trial.

Respondents admit the use of the sign in question upon their place of business and the use of the letters "G M C" in their advertisement of the sale of used cars.

The first question that arises is whether the name, or word. or combination of letters used by complainants for a long period has been so identified with their goods and business as to acquire a *secondary meaning*, so as to indicate their goods and business, and theirs alone.

38 Cyc. Trade Marks &c., p. 70, note 97.

In *Arlington & Sims* vs. *Palmer*, 21 R. I. 109 at page 115, a distinction is drawn between a *trade mark* and a *trade name*:

"The use of a trade name is in some respects different from that of a trade-mark. The latter usually relates chiefly to the thing sold; while, in addition to this, the former involves the source from which it comes, the individuality of the maker, both for protection in trade and for avoiding confusion in business affairs, as well as for securing to him the advantage of any good reputation he may have gained. The law of trade mark is designed chiefly for the protection of the public from imposition; that of trade name for the protection of the party entitled to it."

And in *Cady* vs. *Shultz*, 19 R. I. 193 (1895) the Court said, (page 195):

"* * * It (a trade name) is descriptive of the manufacturer or dealer himself as much as his own name is, and frequently, like the names of business corporations, includes the name of the place where the business is located. If attached to goods, it is designed to say plainly what a trade mark only indicates by association and use. * * * Two persons may bear the same name and each may use it in his business, but not so as to deceive the public and induce customers to mistake one for the other.

"Corporate names or parts of these names when used to designate goods or business houses, or as trade 'nicknames' are trade names pure and simple, in most instances, and can

be protected as such. The commercial nickname, or abbreviated name, is often more valuable, far better known, and more carefully guarded from use by rivals than the formal or full name from which it is taken. Hence it is that unfair competition applies to nicknames of corporations. 'U. M. C.' for Union Metallic Cartridge Co.; 'Winchester', for Winchester Repeating Arms Co.; 'Equitable', for Equitable Life Assurance Society; 'C. B. & Q.', for Chicago, Burlington & Quincy; 'B. & A.', for Boston & Albany, are instances of such nicknames. One hears or sees the full corporate name used seldom in comparison to the number of times the nickname is used. * * * "

Nims on Unfair Competition (3d Ed.) Secs. 56-88.

In the case of *Willys-Overland Co.* vs. *Akron-Overland Tire Company*, 268 Fed. 151, the complainant's product was known as the "Overland" automobile. The word "Overland" was a part of complainant's corporate name and had been used by complainant and its predecessors for 13 years. It had also been registered as a trade mark for automobiles and featured in extensive advertising, so that it had become associated by the public with complainant and its products. The defendant, which had adopted the word "Overland" as part of its corporate name, was engaged in the business of rebuilding automobile tires. *Held*,—that such use constituted unfair competition and complainant was entitled to a preliminary injunction.

The registration of a trade mark and use over a long period is evidence of a secondary meaning.

Nims on Unfair Competition, (3d Ed.) 874.

In *Cady* vs. *Shultz*, 19 R. I. 193, the complainant used the trade name "U. S. Dental Association;" defendant used signs closely imitating those of complainant, the name being "U. S. Dental Rooms." The Court held that the use of the letters "U. S." upon the windows of the defendant's office was a plain attempt to convey the idea that the business carried on there was a branch of the complainant's business and should be restrained. Douglas, J., said (p. 194) :

"But we think the use of the words 'U. S. Dental Rooms', and the use of the letters 'U. S.' upon the windows of the defendant's office, is a plain attempt to convey the idea that the business carried on there is a branch of the complainant's business and should be restrained."

The Court feels there is evidence produced at this hearing that the complainants and their predecessors have used the symbol "G M C" for a long period not only as a trade mark but as a trade name, and that said symbol as used by complainants has acquired by such use a secondary meaning.

The Court also is of the opinion that the use of said symbol by respondents as a play upon the letters "G M C" by reason of the filing of a trade mark as the "General Merchandising Company" has brought about unfair competition.

Decree for preliminary injunction may be entered.

For complainants: Edwards & Angell.

For respondents: Knauer & Fowler.