## SELCHOW & RIGHTER CO. v. WESTERN PRINTING & LITHOGRAPHING CO. et al.

### No. 8277.

Circuit Court of Appeals, Seventh Circuit.
May 25, 1944.

Rehearing Denied June 20, 1944.

Lynn A. Williams, of Chicago, Ill., John W. Michael, of Milwaukee, Wis., Ross O. Hinkle, of Chicago, Ill., and Axel V. Beeken, and Valdemar Beeken, both of New York City (Leon F. Shackell, of Chicago, Ill., of counsel), for appellant.

Jerome J. Foley, of Racine, Wis., Caspar W. Ooms, of Chicago, Ill., and Benjamin H. Stern and Harry Buchman, both of New York City, for appellees.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

By this action plaintiff charged defendant with infringement of its trademark and with unfair competition with respect thereto. The complaint alleged that since 1869 plaintiff and its predecessors have continuously used the name "Parcheesi" as a trademark on board and counter games manufactured and sold in interstate commerce. On October 8, 1918, plaintiff registered that name for games and renewed the same on September 6, 1938.

Defendant, Western Printing & Lithographing Company, is the manufacturer and owns all of the capital stock of the defendant, Whitman Publishing Company. The latter acts as sales agency for the former, and for convenience they are here referred to as the defendant. The complaint alleged that since 1910 plaintiff

had engaged in selling various games and had expended an average of about $4,500 in advertising, in which advertisements it had laid principal emphasis on "Parcheesi." Issues being joined, evidence was heard and the court made a special finding of the facts and rendered its conclusions of law thereon favorable to the defendant, upon which the court rendered judgment dismissing the complaint and the supplemental complaint upon the merits.

The following facts are supported by substantial evidence, concerning which there is but little disagreement, if any.

As early as 1869, a game similar to the plaintiff's "Parcheesi" was played in India. It was then referred to as the national game of India, and was designated by a word of the language of that country which sounded very similar to "Parcheesi," or "Patcheesi," or "Pachisi." "Pachisi" is the correct spelling of the Indian name.

For some years past, the defendant, as well as other toy manufacturers, has produced and sold to the trade the same game under the name "India." Prior to the commencement of this action plaintiff had been producing a popular edition of the game "Parcheesi." The outer cover of the box was black, and in the center of the cover the following appeared in gold letters on a dark blue background:

A Royal Game of India
Parcheesi
Popular Edition

On April 1, 1939, the defendant brought out the same game placed under the name of "India" and designated it "Parchesi, A Game of India." Its box was dressed differently from that of plaintiff's article and in somewhat different type, but about the same size as that used by plaintiff.

On plaintiff's motion, defendant was preliminarily enjoined from selling its product. Before the hearing, and in its answer, defendant claimed to have ceased the manufacture of its game as hereinbefore described. However, it asserted its right to manufacture, sell and distribute the game under the name "Pachisi," but dressed in a red or orange color with the words appearing in white letters:

Whitman's
Pachisi
A Game of India

Thereupon, plaintiff filed its amended complaint asking that the defendant be restrained from such manufacture and sale, and the preliminary injunction was extended to cover the proposed use.

At the hearing it appeared that the defendant was threatening to sell its game, which would retail at twenty-five cents, in competition with plaintiff's game which retailed at one dollar. There was a deceptive likeness between the appearance of the game which defendant originally manufactured and distributed to the trade and the plaintiff's dollar game. However, at the trial it was satisfactorily established that defendant had withdrawn from the trade the game which was similar in appearance to plaintiff's dollar game. The evidence further showed that plaintiff had distributed to the trade a twenty-five cent game of "Parcheesi" as early as February 1939, and that this game had an entirely different outside dress and appearance from either plaintiff's dollar game or defendant's twenty-five cent game. Further evidence disclosed that plaintiff had been selling games which retailed at two dollars and five dollars respectively, and each had a different appearance from either of the games presented at the hearing for the injunction.

Defendant first contended that the trademark was invalid because of the manner of its registration, in that it was fraudulently obtained through misrepresentation. It further contended that plaintiff had abandoned its trademark by operation of law. Both of these contentions were decided adversely to the defendant, and we think the court, under the evidence and findings, did not err in either of these rulings.

Prior to the passage of the 1905 Act, trademark registration under the federal statutes had been denied to words which consisted of a name of a party, or which were generic or descriptive of goods with which they were used, or which were merely geographical names, or which indicated the place of origin. Under section 5 of the 1905 Act, 15 U.S.C.A. § 85, which included what is referred to as the "ten year clause," that disability was removed with respect to trademarks such as had been used by appellant or its predecessors, in foreign or interstate commerce, and which had been in actual and exclusive use as trademarks for ten years next preceding the passage of the Act.

In Thaddeus Davids Co. v. Davids Mfg. Co., 233 U.S. 461, 34 S.Ct. 648, 58

L.Ed. 1046, it was held that the Act of 1905 was not intended to change the common law principles of trademarks. The courts have held that the only rights given to the owner of a mark registered under the ten year clause which he did not have at common law are the right to institute suits for infringement in the federal courts irrespective of diversity of citizenship, and without the necessity of showing wrongful intent on the part of the defendant. The District Court therefore concluded that the applicable tests in this case were the old common law rules of unfair competition with the exception of the requirement of proof of an attempt to defraud. See Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195. The ruling of the District Court in this respect, we think, was proper, and the only question left for determination is whether the plaintiff is entitled under the common law to exclude the defendant from the use of the word "Pachisi."

Under the ruling of Selchow v. Chaffee & Selchow Co., C.C., 132 F. 996, the defendant had the right to use the name "Pachisi," which was the correct name for a game in the Hindu language, unless by so doing it worked fraud upon the purchasing public by palming off on them something which they believed to be the product of plaintiff. There is no substantial evidence in this case to prove that there was any fraud or palming off with respect to the defendant's product unless it can be said that the word "Parcheesi" has ac-· quired a secondary meaning, that is to say that in the minds of the purchasing public, it means the producer rather than the product. See Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73; Steem-Electric Corp. v. Herzfeld-Phillipson Co., 7 Cir., 118 F.2d 122. The District Court was of the opinion that that word had not acquired a secondary meaning. That court very properly said: "Not one purchaser in a thousand would know or care whether Selchow and Righter Company was the manufacturer. The fact is that the public in general knows 'Parcheesi' as a game and not as an article made by the plaintiff." 47 F.Supp. 322, 326. The court further stated, "As defendant discontinued the use of the name 'Parchesi' prior to the time of the trial and has indicated that it had no intention of using that name in the future, the temporary injunction heretofore entered may be vacated, and judgment in this action will go for the defendant."

We find no error in the court's rulings. Affirmed.